Greenberg Traurig, LLP
200 Park Avenue
Florham Park, New Jersey 07932
Tel: 973.360.7900
Fax: 973.301.8410
Attorneys For Defendant
United Parcel Service, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | Civil Action No. 15-4141 |
| | : | |
| Plaintiff, | : | **CERTIFICATION OF WENDY JOHNSON LARIO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| v. | : | |
| UNITED PARCEL SERVICE, INC., | : | |
| Defendant. | : | |

I, Wendy Johnson Lario, of full age, hereby certifies as follows:

1. I am an attorney-at-law of the State of New Jersey and a Shareholder of the law firm of Greenberg Traurig, LLP, attorneys for defendants United Parcel Service, Inc. (UPS), (collectively "defendants"). I am fully familiar with the facts set forth herein.

2. I make this Certification in support of Defendants' Motion to Dismiss pursuant to *Fed.R.Civ.P.* 12(b)(6).

3. Attached as Exhibit 1 is a true and accurate copy of the January 13, 2006 EEOC charge filed by Bilal Abdullah (Abdullah).

4. Attached as Exhibit 2 is a true and accurate copy of the April 27, 2007 EEOC charge filed by Muhammad Farhan (Farhan).

5. Attached as <u>Exhibit 3</u> is a true and accurate copy of the December 4, 2008 EEOC Commissioner's charge.

6. The EEOC held a fact-finding meeting on April 16, 2006 in connection with the Abdullah charge.

7. Attached as <u>Exhibit 4</u> is a true and accurate copy of the March 22, 2006 Request for Information (RFI) issued by the EEOC in connection with the Abdullah charge.

8. Attached as <u>Exhibit 5</u> is a true and accurate copy of a May 5, 2006 response by UPS to the Commission's March 22, 2006 RFI.

9. Attached as <u>Exhibit 6</u> is a true and accurate copy of the EEOC's August 18, 2006 objections responding to UPS's May 5, 2006 response.

10. Attached as <u>Exhibit 7</u> is a true and accurate copy of UPS's August 30, 2006 Response to the Commission's August 18, 2006 objections.

11. Attached as <u>Exhibit 8</u> is a true and accurate copy of the EEOC's March 2, 2007 RFI.

12. Attached as <u>Exhibit 9</u> is a true and accurate copy of UPS's March 16, 2007 response to the Commission's March 2, 2007 RFI.

13. On July 25, 2007, four months after UPS's March 16 response, the EEOC issued a subpoena to UPS, seeking the same information in its previous RFIs on a nationwide basis from January 1, 2004 to date. Attached as <u>Exhibit 10</u> is a true and accurate copy of the EEOC's subpoena.

14. Within two weeks, UPS moved to revoke or modify the subpoena's geographic scope to the Rochester facility. Attached as <u>Exhibit 11</u> is a true and accurate copy of UPS's petition to revoke or modify the EEOC subpoena.

15. A month later, on September 4, 2007, the EEOC denied UPS's petition to revoke the subpoena and, on November 19, 2007, the EEOC filed an Order to Show Cause in the Western District of New York to enforce its subpoena. Attached as Exhibit 12 is a true and accurate copy of the EEOC's denial of the petition to revoke the subpoena.

16. On January 7, 2008, UPS filed an opposition brief to the EEOC's Order to Show Cause.

17. On September 3, 2008, the Honorable William Skretny issued a Decision and Order denying the EEOC's motion to enforce its subpoena, finding that a "nationwide search for information is not reasonable in light of the specific charges being investigated." Attached as Exhibit 13 is a true and accurate copy of Judge Skretny's Decision and Order.

18. The EEOC appealed Judge Skretny's Decision and, two years after the EEOC issued its Order to Show Cause, on November 19, 2009, the Second Circuit reversed on the ground that Judge Skretny applied a restrictive standard of relevance.

19. Attached hereto as Exhibit 14 is a true and accurate copy of UPS's February 5, 2009 response to the Commission objecting to the Commissioner's charge filed on December 4, 2008.

20. Attached hereto as Exhibit 15 is a true and accurate copy of the EEOC's January 23, 2009 Electronic Request for Information (E-RFI).

21. Attached hereto as Exhibit 16 is a true and accurate copy of UPS's February 5, 2009 letter objecting to the EEOC's January 23, 2009 E-RFI.

22. Attached hereto as Exhibit 17 is a true and accurate copy of the EEOC's March 26, 2009 letter to UPS demanding that UPS produce all information requested in the January 23, 2009 E-RFI.

23. Attached hereto as Exhibit 18 is a true and redacted copy of the EEOC's September 14, 2009 letter to UPS renewing its request for responses to the January 23, 2009 E-RFI.

24. Attached hereto as Exhibit 19 is a true and accurate copy of UPS's September 21, 2009 letter to the EEOC indicating it would be having a meeting in the Commission's New York City District Office regarding the Abdullah charge.

25. I attended the in-person meeting at the EEOC's New York City Office on November 17, 2009. During that meeting, UPS and the EEOC reached an agreement as to the scope of the E-RFI that the EEOC requested on January 23, 2009.

26. Attached hereto as Exhibit 20 is a true and accurate copy of UPS's February 1, 2010 response to the EEOC's January 23, 2009 E-RFI.

27. On April 22, 2010, UPS produced nationwide discovery of (a) all applicants who were not hired between January 2004 and September 2009 for failure or refusal to comply with the Appearance Guidelines, as well as (b) all employees who sought religious accommodations related to the Appearance Guidelines from January 2004 to September 2009. Attached as Exhibit 21 is a true and accurate redacted copy of UPS's discovery response.

28. Attached hereto as Exhibit 22 is a true and accurate copy of the EEOC's July 2, 2010 Supplemental Request for the social security numbers, telephone numbers and last known home addresses of the applicants and employees previously disclosed by UPS.

29. Attached hereto as Exhibit 23 is a true and accurate copy of UPS's August 3, 2010 response to the EEOC's July 2, 2010 Supplemental Request with the requested personal contact information of the applicants previously disclosed.

30. Attached hereto as <u>Exhibit 24</u> is a true and accurate copy of UPS's November 11, 2010 response to the EEOC's July 2, 2010 Supplemental Request with the requested personal contact information of the employees previously disclosed. This was the last discovery produced in connection with the Abdullah, Farhan and Commissioner's charges.

31. Attached hereto as <u>Exhibit 25</u> is a true and accurate redacted copy of UPS's March 14, 2012 letter to the EEOC requesting a final determination.

32. Attached hereto as <u>Exhibit 26</u> is a true and accurate copy of the EEOC's June 29, 2012 determination.

33. In conjunction with the determination, the EEOC also issued a written conciliation proposal on June 29, 2012. A true and accurate copy is attached hereto as <u>Exhibit 27</u>.

34. Attached hereto as <u>Exhibit 28</u> is a true and accurate redacted copy of UPS's July 18, 2012 letter to the EEOC responding to the June 29, 2012 conciliation proposal.

35. Attached hereto as <u>Exhibit 29</u> is a true and accurate redacted copy of UPS's January 22, 2013 letter to the EEOC.

36. Attached hereto as <u>Exhibit 30</u> is a true and accurate redacted copy of the EEOC's March 8, 2013 letter to UPS responding to UPS's January 22, 2013 letter.

37. Attached hereto as <u>Exhibit 31</u> is a true and accurate redacted copy of UPS's March 27, 2013 letter to the EEOC responding to the Commission's March 8, 2013 letter.

38. In responding to the EEOC RFI, UPS provided nationwide discovery for the years 2004 to 2009, and disclosed 51 employees who requested a religious accommodation and approximately 300 applicants that were rejected because they failed or refused to comply with the UPS Uniform and Personal Appearance Guidelines.

39. I attended an in-person meeting at the EEOC's Buffalo office on April 16, 2013, to discuss conciliation and settlement opportunities with the Commission.

40. Attached hereto as Exhibit 32 is a true and accurate redacted copy of the EEOC's May 10, 2013 letter to UPS.

41. Attached hereto as Exhibit 33 is a true and accurate redacted copy of UPS's May 22, 2013 letter to the EEOC responding to the Commission's May 10, 2013 letter.

42. Attached hereto as Exhibit 34 is a true and accurate redacted copy of the EEOC's August 14, 2013 letter to UPS responding to UPS's May 22, 2013 letter.

43. Attached hereto as Exhibit 35 is a true and accurate redacted copy of UPS's September 27, 2013 letter to the EEOC responding to the Commission's August 14, 2013 letter.

44. Attached hereto as Exhibit 36 is a true and accurate redacted copy of the EEOC's February 27, 2014 letter from the EEOC to UPS responding to UPS's September 27, 2013 letter.

45. Attached hereto as Exhibit 37 is a true and accurate redacted copy of UPS's April 4, 2014 letter to the EEOC.

46. Attached hereto as Exhibit 38 is a true and accurate redacted copy of the EEOC's June 6, 2014 letter to UPS responding to UPS's April 4, 2014 letter.

47. Attached hereto as Exhibit 39 is a true and accurate redacted copy of UPS's June 23, 2014 letter to the EEOC responding to the Commission's June 6, 2014 letter.

48. Attached hereto as Exhibit 40 is a true and accurate redacted copy of the EEOC's July 7, 2014 letter to UPS responding to UPS's June 23, 2014 letter.

49. Attached hereto as Exhibit 41 is a true and accurate redacted copy of UPS's July 17, 2014 letter to the EEOC responding to the Commission's July 7, 2014 letter.

50. Attached hereto as Exhibit 42 is a true and accurate redacted copy of the EEOC's July 29, 2014 letter to UPS responding to UPS's July 17, 2014 letter.

51. Attached hereto as Exhibit 43 is a true and accurate redacted copy of UPS's August 5, 2014 letter to the EEOC in response to the Commission's July 29, 2014 letter.

52. Attached hereto as Exhibit 44 is a true and accurate redacted copy of the EEOC's August 13, 2014 declaration of conciliation failure.

53. Attached hereto as Exhibit 45 is a true and accurate copy of *Ugactz v. United Parcel Serv., Inc.,* 2013 WL 1232355 (E.D.N.Y. Mar. 26, 2013).

54. Attached hereto as Exhibit 46 is a true and accurate copy of *EEOC v. Golden Lender Fin. Corp.*, No. 99 Civ. 8591, 2000 WL 381426 (S.D.N.Y. Apr. 13, 2000).

55. Attached hereto as Exhibit 47 is a true and accurate copy of *E.E.O.C. v. Anderson's Rest. of Charlotte, Inc.*, No. C-C-86-002-P, 1986 WL 192883 (W.D.N.C. Apr. 20, 1986).

56. Attached hereto as Exhibit 48 is a true and accurate copy of *E.E.O.C. v. CRST Van Expedited, Inc.*, No. 07-CV-95-LRR, 2009 WL 2524402 (N.D. Iowa Aug. 13, 2009).

57. Attached hereto as Exhibit 49 is a true and accurate copy of *E.E.O.C. v. Overnite Transp. Co.,* No. 2:02CV591, 2006 WL 2594479 (S.D.Ohio July 5, 2006).

58. Attached hereto as Exhibit 50 is a true and accurate copy of *Medlin v. Trull*, 2006 WL 435941 (W.D.N.C. Feb. 21, 2006).

59. Attached hereto as Exhibit 51 is a true and accurate copy of *Patterson v. Infinity Broadcasting Corp.*, 2007 WL 1726586 (W.D.N.C. Jun. 13, 2007).

60. Attached hereto as Exhibit 52 is a true and accurate copy of *Curasi v. Hub Enters., Inc.,* No. 11-CV-2620, 2012 WL 728491 (E.D.N.Y. March 5, 2012).

61. Attached hereto as Exhibit 53 is a true and accurate copy of *E.E.O.C. v. Mach Mining, LLC,* No. 3:11-CV-00879-JPG, 2012 WL 3800787 (S.D. Ill. July 13, 2012).

62. Attached hereto as Exhibit 54 is a true and accurate copy of *Bastien v. Samuels,* No. 14–CV–1561 (JFB)(AKT), 2014 WL 5306016 (E.D.N.Y. Oct. 15, 2014).

63. Attached hereto as Exhibit 55 is a true and accurate copy of *Bejaoui v. City of New York,* 2015 WL 1529633 (E.D.N.Y. Mar. 31, 2015).

64. Attached hereto as Exhibit 56 is a true and accurate copy of *E.E.O.C. v. Target Corp.*, No. 02-C-146, 2007 WL 1461298 (E.D. Wis. May 16, 2007).

65. Attached hereto as Exhibit 57 is a true and accurate copy of *Vasconcellos v. City of N.Y.,* No. 12–CV–8445 (CM), 2014 WL 4961441 (S.D.N.Y. Oct.2, 2014).

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

*s/ Wendy Johnson Lario*
WENDY JOHNSON LARIO

Dated: October 30, 2015.