# EXHIBIT 5

**PITNEY HARDIN** LLP

WENDY JOHNSON LARIO

DIRECT DIAL NUMBER
(973) 966-8183

E-MAIL
WLARIO@PITNEYHARDIN.COM

(MAIL TO)
P.O. BOX 1945
MORRISTOWN, NEW JERSEY 07962-1945

(DELIVERY TO)
200 CAMPUS DRIVE
FLORHAM PARK, NEW JERSEY 07932-0950
(973) 966-6300
FACSIMILE (973) 966-1015

NEW YORK, NEW YORK
(212) 297-5800
FACSIMILE (212) 916-2940

BRUSSELS, BELGIUM
32-02-514-54-19
FACSIMILE 32-02-514-16-59

May 5, 2006

**VIA FACSIMILE AND NEXT DAY AIR**

Mr. David Ging
U.S. Equal Employment Opportunity Commission
Buffalo Local Office
6 Fountain Plaza, Suite 350
Buffalo, NY 14202

Re: *Abdullah v. United Parcel Service, Inc.*
Charge No. 524-2006-00061

Dear Mr. Rosenberg:

This Firm represents respondent, United Parcel Service, Inc., in the above-referenced matter. We enclose for your review UPS' Position Statement in response to Mr. Abdullah's Charge as well as the responses to the Requests for Information. If you have any questions or concerns, please contact me at (973) 966-8215.

Thank you for your time and attention to this matter.

Very truly yours,

WENDY JOHNSON LARIO

1416102A01050506

UNITES STATES EQUAL EMPLOYMENT<br>
OPPORTUNITY COMMISSION<br>
CHARGE NO. 165-2006-00422

BILAL ABDULLAH,

    Complainant,

v.

UNITED PARCEL SERVICE, INC.,

    Respondent.

---

## RESPONSES TO INFORMATION REQUESTS
## ON BEHALF OF RESPONDENT UNITED PARCEL SERVICE, INC.

---

Submitted to:

Mr. David Ging
Equal Employment Opportunity Commission
Buffalo Local Office – 525
6 Fountain Plaza, Suite 350
Buffalo, New York 14202


PITNEY HARDIN LLP
Attorneys for Respondent
Post Office Box 1945
Morristown, New Jersey 07962-1945
(973) 966-6300

1414347A01050506

Respondent United Parcel Service, Inc. ("UPS" or "the Company") submits the following in response to the EEOC's Information Requests.

## INFORMATION REQUESTS

1. Telephone interviews of Ola Ryan and Jennifer Hilliard.

**RESPONSE:** **The EEOC and UPS have made the following arrangements. Ms. Ryan's telephone interview will be conducted by Mr. Ging in the presence of UPS counsel on May 8, 2006 at 11:00 a.m. Ms. Hilliard's telephone interview will be conducted by Mr. Ging in the presence of UPS counsel on May 15, 2006 at 11:00 a.m. Both calls will be initiated by counsel for UPS.**

2. Provide the following for the recruiter identified at the preliminary fact finding conference as Mark Novosel:

    a. full name;

    b. social security number;

    c. last known address and telephone number;

    d. year of birth.

**RESPONSE:** a.     **Mark Novosel**

    b.     **UPS objects to this request on the ground that it seeks private and confidential personal information about a former employee that cannot be released without the express written consent of the individual.**

    c.     **101 Stoney Way, Farmington, New York, 14425; (585) 507-2407**

    d.     **UPS objects to this request on the ground that it is seeks private and confidential personal information, and is not relevant to the complainant's Charge.**

2

1414347A01050506

3. Produce a copy of all documents related to UPS's appearance policy and a list of the titles of all jobs, management (including officers) and non-management, which a) are subject to the appearance policy; and b) are not subject to the appearance policy.

**RESPONSE:** **The UPS Uniform and Personal Appearance Guidelines provided to applicants at the Rochester, New York facility is attached hereto as Exhibit A. Article 65 of the Collective Bargaining Supplemental Agreement between UPS and the New York State Teamsters Joint Freight Division is attached hereto as Exhibit B. The UPS Uniform and Personal Appearance Guidelines apply to service providers, who hold positions as drivers, driver helpers, and service-counter employees.**

4. a. State the number of employees since January 1, 2004, for whom UPS has made a medical exception to its appearance guidelines, and state the nature of each exception.

   b. State the number of employees since January 1, 2004, for whom UPS has made a non-medical exception to its appearance guidelines, and state the nature of each exception.

**RESPONSE:** **UPS objects to this request on the ground that it is overly broad and unduly burdensome, and not relevant to the allegations in the complainant's Charge. Subject to and without waiving those objections, UPS does not have a centralized or uniform procedure for retaining or tracking specific requests for accommodation relating to its Uniform and Personal Appearance Guidelines. However, management at the Rochester, New York facility is not aware of any written employee requests for accommodation relating to the Uniform and Personal Appearance Guidelines during the period January 1, 2004 to date.**

5. Produce documents which explain the application/selection process for seasonal employees, which begins with the on-line application. The documents should explain:

1414347A01050506

    a. what information the applicant enters;

    b. in what circumstances the program allows UPS employees to make changes to the information input by the applicants;

    c. how the information is transmitted to an outside agency for purposes of background check;

    d. what information is available to that agency;

    e. what information that agency transmits back to UPS;

    f. how and to whom the information in 4 e. above is available; and

    g. what applicant information is available to UPS staff at seasonal employee orientations.

**RESPONSE:** UPS does not possess any documents that describe the seasonal position application process. However, for a description of the application process at the Rochester, New York facility, see the Certifications of Jennifer Hilliard, Ola Ryan, and Mark Novosel, produced in support of UPS' Position Statement.

6. Produce a copy of the information provided by UPS to prospective seasonal employees at orientation.

**RESPONSE:** UPS objects to this request on the ground that it is not relevant to the complainant's Charge because complainant never attended an orientation/training session. Subject to and without waiving those objections, complainant was provided with a copy of UPS' Uniform and Personal Appearance Guidelines during his intake interview. A copy of the Guidelines is attached hereto as Exhibit A.

7. Identify by name, social security number, address, and telephone number all applicants (seasonal and non-seasonal) for employment denied employment because of their refusal to accept the appearance policy from January 1, 2004 to the present.

4

1414347A01050506

>**RESPONSE:** UPS objects to this request on the ground that it is overly broad and unduly burdensome, requests private and confidential personal information, and is not relevant to the complainant's Charge because complainant was rejected for reasons unrelated to the Uniform and Personal Appearance Guidelines. Subject to and without waiving those objections, UPS Human Resources has a computer code that may be assigned to applicants who do not complete the application process due to the UPS Uniform and Personal Appearance Guidelines. The code does not specify what aspect of the Guidelines was at issue, nor does the code indicate whether the applicant provided UPS with a reason for his or her objection to the Guidelines or requested an accommodation, nor does the code indicate whether the applicant withdrew his or her application or UPS rejected the application. At the Rochester, New York facility, during the period January 1, 2004 to date, no applicants were rejected due to religious objections to the Uniform and Personal Appearance Guidelines. See the Certification of Jennifer Hilliard, produced in support of UPS' Position Statement.

8. Identify by name, social security number, address, and telephone number all employees who have requested a religious accommodation concerning the appearance policy from January 1, 2004, to the present, and explain the outcome of the request.

>**RESPONSE:** UPS objects to this request on the ground that it is overly broad and unduly burdensome, and it requests private and confidential personal information about its employees. Subject to and without waiving those objections, UPS does not have a centralized or uniform procedure for retaining or tracking specific requests for accommodation relating to its Uniform and Personal Appearance Guidelines. However, management at the Rochester, New York facility is not aware of any employee requests

for religious accommodation relating to the Uniform and Personal Appearance Guidelines during the period January 1, 2004 to date. See the Certification of Jennifer Hilliard, produced in support of UPS' Position Statement.

9. Identify by name, social security number, address, and telephone number all employees whose employment has terminated for reasons relating to the appearance policy from January 1, 2004, to the present, and explain the circumstances.

RESPONSE: UPS objects to this request on the ground that it is overly broad and unduly burdensome, requests private and confidential personal information about its employees, and is not relevant to the complainant's Charge because complainant was not an employee and his application was rejected for reasons unrelated to the Uniform and Personal Appearance Guidelines. Subject to and without waiving those objections, UPS Human Resources has a computer code that may be assigned to employees who are separated from employment due to the UPS Uniform and Personal Appearance Guidelines. The code does not specify what aspect of the Guidelines was at issue, nor does the code indicate whether the employee provided UPS with a reason for his or her objection to the Guidelines or requested an accommodation, nor does the code indicate whether the employee voluntarily resigned or was terminated by UPS. At the Rochester, New York facility, during the period January 1, 2004 to date, no employees were separated due to a religious objection to the Uniform and Personal Appearance Guidelines. See the Certification of Jennifer Hilliard, produced in support of UPS' Position Statement.

10. Produce a list of non-seasonal job vacancies at UPS facilities in the Rochester, New York area for the period from November 1, 2005 to December 31, 2005 inclusive.

6

1414347A01050506

**RESPONSE**: UPS objects to this request on the ground that it is overly broad and unduly burdensome, and not relevant to complainant's Charge because complainant specifically applied for a seasonal position out of the Rochester, New York facility. Subject to and without waiving that objection, during the 2005 peak season, from November 10, 2005 to December 31, 2005, UPS' Rochester facility was hiring only for seasonal positions; it was not hiring for any non-seasonal jobs for drivers or driver helpers, sorters, loaders or unloaders.