# EXHIBIT 16

# DAY PITNEY LLP

BOSTON    CONNECTICUT    NEW JERSEY    NEW YORK    WASHINGTON, D.C.

WENDY JOHNSON LARIO
Attorney At Law

*Mail To:* P.O. Box 1945 Morristown, NJ 07962
*Deliver To:* 200 Campus Drive Florham Park, NJ 07932
T: 973-966-8183 F: (973) 966 1015
WLario@daypitney.com

February 5, 2009

Mr. David Ging
Equal Employment Opportunity Commission
6 Fountain Plaza
Suite 350
Buffalo, NY 14202

    Re:    *Ishimaru v. United Parcel Service, Inc.*
           EEOC Charge No. 525-2009-00220

Dear Mr. Ging:

    We represent respondent United Parcel Service, Inc. ("UPS") in the above-captioned charge and are writing in response to the Commission's Request for Information ("RFI") returnable on February 23, 2009.

    1. "[A]ny computerized or machine-readable files (or tables) that are or have been created or maintained by you (or any other entity under contractual or other arrangement) at any time during the period January 1, 2006 through the present that contain electronic data about or effecting current and/or former employees."

    <u>This request, which effectively seeks all data regarding all current and former employees for more than a two-year period, is completely unreasonable and unwarranted. The EEOC knows that UPS is a company with over 350,000 current employees. As a result, this request is knowingly overbroad, unduly burdensome, harassing, and is not relevant to the charge under investigation. Indeed, the EEOC has not even provided UPS with the requisite "contents" of a Charge pursuant to 29 U.S.C. 1601.12. Since UPS has not been placed on notice of the allegations against it, other than the general and conclusory allegations in the Charge, it is unable to otherwise respond to this request at this time.</u>

    2. "[A]ny computerized or machine-readable files that are or have been maintained by you (or any other entity under contractual or other arrangement) since (date) which contain data on personnel activities." The request goes on to state that this type of file would include, but not be limited to, "information such as applicants, hiring, job analyses and evaluations, performance evaluations, promotions, demotions, layoffs, employment history, amounts of pay, adjustment to pay, work assignments, adjustments to work assignments, training, promotions, transfers, terminations, job status and request for accommodation."

**DAY PITNEY** LLP

Mr. David Ging
February 5, 2009
Page 2

  First, there is no "(date)" or other temporal restriction in this request. Assuming, however, that the date restriction was meant to be January 1, 2006 as in the first request above, the request is temporally overbroad. Second, the term "data on personnel activities" is vague and ambiguous. Third, the examples of files being sought pursuant to this request is grossly overbroad, unduly burdensome, harassing, and is not relevant to the charge under investigation. Since UPS has not been provided with the requisite "contents" of a Charge pursuant to 29 U.S.C. 1601.12, and has not been placed on notice of the allegations against it, it is unable to otherwise respond to this request at this time.

                Very truly yours,

                Wendy Johnson Larin

Enclosures