# EXHIBIT 25



Wendy Johnson Lario
Tel. 973.443.3274
Fax 973.301.8410
lariow@gtlaw.com

March 14, 2012

John E. Thompson, Jr.
Director
Equal Employment Opportunity Commission
6 Fountain Plaza, Suite 350
Buffalo, NY 14202

Re:   <u>Bilal Abdullah v. United Parcel Service, Inc.</u>
      Charge No. 165-2006-00422

Dear Mr. Thompson:

We represent the respondent United Parcel Service, Inc. (UPS) in connection with the captioned matter and are writing to request that the EEOC dismiss Mr. Abdullah's charge at this time. This is a charge in which the alleged conduct occurred back in 2005. The charge itself has been pending for more than six years. Unfortunately, there still is no determination. At this point, a number of witnesses are no longer employed by UPS and any witness knowledge or memory has been seriously hindered by the passage of time.

Mr. Abdullah filed his charge of discrimination on January 13, 2006. His charge related to an alleged religious discrimination/failure to accommodate dating back to November 2005. The EEOC held a fact-finding conference on March 16, 2006. On May 5, 2006, UPS submitted a Position Statement and response to the EEOC's initial Requests for Information. On May 8, 2006 and May 15, 2006, the EEOC conducted telephone interviews of UPS employees Ola Ryan and Jennifer Hilliard. On July 25, 2007, the EEOC served UPS with an investigatory subpoena. On April 23, 2010, following an enforcement action filed by the EEOC regarding the scope of the subpoena, UPS produced documents in response to the EEOC's subpoena. On July 2, 2010, the EEOC issued a Supplemental Request for Information, to which UPS responded on August 3, 2010. On November 11, 2010, UPS produced further information in connection with the EEOC's supplemental requests. There has been no activity in connection with this matter since November 11, 2010, more than one year ago.

Title VII provides:

*The Commission shall make its determination on reasonable cause as promptly as possible and, so far as practicable, <u>not later than one hundred and twenty days from the filing of the charge</u>*

42 U.S.C. 2000e-5(b) (emphasis supplied).

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS
*OPERATES AS GREENBERG TRAURIG MAHER LLP
+OPERATES AS GREENBERG TRAURIG, S.C.
**STRATEGIC ALLIANCE

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
200 Park Avenue ■ Post Office Box 677 ■ Florham Park, New Jersey 07932 ■ Tel 973.360.7900 ■ Fax 973.301.8410
NJ 227,382,198v1 3-15-12

John Thompson
March 14, 2012
Page 2

    We are far beyond one hundred and twenty days from the filing of the charge. Indeed, we are far beyond one hundred and twenty days from the last production of discovery. This is a case where the EEOC has conducted a thorough and extensive investigation. The time has come for the charge process to end. UPS respectfully requests that the EEOC make its determination so that all parties can move on.

                                            Very truly yours,

                                            Wendy Johnson Lario