

Wendy Johnson Lario
Tel 973.443.3274
Fax 973.301.8410
lariow@gtlaw.com

August 30, 2016

**VIA ECF**
Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 605N
Brooklyn, NY 11201

   Re: *EEOC v. United Parcel Service, Inc.*
      **Civil Action No. 1:15-cv-04141**

Dear Judge Brodie:

  This firm represents defendant United Parcel Service, Inc. ("UPS") in connection with the above matter. We write pursuant to Your Honor's Individual Practice Rules in response to the pre-motion conference letter filed by plaintiff EEOC on August 23, 2016.

  Although the EEOC indicates that it wishes to move to strike certain UPS Affirmative Defenses, it has not provided any facts which approach the high standard required to do so, and omits the applicable standard from its letter. "Although courts are given discretion to resolve Rule 12(f) motions, as a general rule motions to strike affirmative defenses are disfavored and should not be granted unless there are strong reasons for doing so." *Perez v. De Domenico Pizza & Rest., Inc.*, 2016 WL 3774389, at *1 (E.D.N.Y. May 31, 2016). Indeed, the "Second Circuit… has warned that courts should exercise this discretion with caution:

> A motion to strike an affirmative defense under Rule 12(f), Fed.R.Civ.P. for legal insufficiency is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense. Moreover, even when the facts are not disputed, several courts have noted that a motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law. This is particularly so when, as here, there has been no significant discovery."

*E.E.O.C. v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004) quoting *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984); *see also Tardif v. City of New York, et. al.*, 302 F.R.D. 31, 32–34 (S.D.N.Y.2014) ("The standard to prevail on a motion to strike an affirmative defense is demanding.").

  "In order for a court to strike a defense as insufficient: (1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; *and* (3) the plaintiff must be prejudiced by the inclusion of the defense. Accordingly, even if the defense is factually insufficient, the court must still determine whether its inclusion would prejudice the plaintiffs." *Perez,* 2016 WL 3774389, at *1 (E.D.N.Y. May 31, 2016); *Neogenix*

Honorable Margo K. Brodie
August 30, 2016
Page 2

---

*Oncology, Inc. v. Gordon*, 2015 WL 5774171, at *6 (E.D.N.Y. Sept. 29, 2015). "The burden to establish each of these elements rests on the party moving to strike the affirmative defenses." *Figueroa v. RSquared NY, Inc.*, 2015 WL 3936256, at *2 (E.D.N.Y. June 26, 2015).

"When considering the sufficiency of a defense under the first two elements of the analysis, the court must accept the matters well-pleaded as true and should not consider matters outside the pleadings. The court should construe the pleadings liberally to give the defendant a full opportunity to support its claims at trial, after full discovery has been made." *Figueroa, 2015 WL 3936256, at *2–3 (E.D.N.Y. June 26, 2015)*; see also *Serby v. First Alert, Inc.,* 934 F.Supp.2d 506, 516 (E.D.N.Y.2013) (noting that a motion to strike is generally "determinable only after discovery and a hearing on the merits," and "[a] court may therefore strike only those defenses so legally insufficient that it is beyond a cavil that defendants could not prevail upon them").

The standard for pleading an affirmative defense is far more lenient than the standard for pleading a claim. "The *Twombly/Iqbal* plausibility standard… concerns a plaintiff's pleading obligations under Federal Rule of Civil Procedure 8(a)(2), which requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.'  In contrast, the pleading of affirmative defenses is governed by Rule 8(c), and that rule only requires a defendant to 'affirmatively state' an affirmative defense." *Id.*  In addition, "Form 30 of the Federal Rules of Civil Procedure indicates that notice pleading suffices to plead an affirmative defense.  Thus, there is no requirement under Rule 8(c) that a defendant plead any fact. Moreover, affirmative defenses which are essentially boilerplate do give a Plaintiff fair notice." *Id.*; see also *Raymond Weil, S.A. v. Theron,* 585 F.Supp.2d 473, 489–90 (S.D.N.Y.2008) ("… a motion to strike boilerplate affirmative defenses … wastes the client's money and the court's time.").

When considering the sufficiency of the defense under the third prong of the analysis, "mere assertions by the moving party that he is prejudiced are insufficient." *Figueroa v. RSquared NY, Inc.*, 2015 WL 3936256, at *2–3 (E.D.N.Y. June 26, 2015), quoting *County Vanlines Inc. v. Experian Info. Solutions, Inc., 205 F.R.D. 148, 153 (S.D.N.Y.2002)*.  As with the first two elements, the burden is on moving party must provide substantive facts to demonstrate prejudice.

In this case, the EEOC cannot meet the high burden that applies to a motion to strike affirmative defenses, particularly where the defendant has had <u>no</u> opportunity to conduct discovery.  Initially, it is important to note that the EEOC has brought this action against UPS on behalf of Bilal Abdullah, Muhammad Farhan "**and a class of similarly aggrieved applicants and employees of Defendant who have been adversely affected**".  (Complaint at p. 1).  Because the EEOC has yet to identify any individuals in the referenced "class", other than Mr. Abdullah and Mr. Farhan, it is impossible to know the full effectiveness of UPS's affirmative defenses at this very early, pre-discovery stage of the litigation.  Plaintiff's request to file a motion to strike UPS's affirmative defenses should be denied for this reason alone.

Even when only considering Mr. Abdullah and Mr. Farhan, plaintiff's letter does not - and cannot - address the "demanding" standards for their proposed motion.  The EEOC cannot meet the first two elements of their proposed motion because there are questions of law and/or fact surrounding each of UPS's affirmative defenses.

Honorable Margo K. Brodie
August 30, 2016
Page 3

_____

UPS's Fourth, Fifteenth and Twenty Third Affirmative Defenses involve the EEOC's pre-litigation requirements. While plaintiff is correct that *Mach Mining* narrows judicial review of the EEOC's duty to conciliate, *Mach Mining* involved the EEOC's conciliation duty, not its other pre-suit obligations such as failure to exhaust administrative remedies (15th Affirmative Defense) and failure to make a prompt determination (23rd Affirmative Defense). Here, the EEOC engaged in conduct that repeatedly thwarted its obligations and evidenced bad faith. UPS believes discovery will further illuminate the EEOC's bad faith effort in this regard and will also show the EEOC's extensive, unnecessary delays and failure to make prompt decisions. These defenses would also be available as to all pre-litigation requirements of any Claimant the EEOC identifies in the future.

UPS's Fifth and Sixth Affirmative Defenses encompass the doctrines of waiver, estoppel, laches and unclean hands. UPS's motion to dismiss sets forth in detail the EEOCs' unreasonable and extensive delays in this matter, which have severely prejudiced UPS. While the Court did not grant UPS's motion at this early stage, UPS believes that discovery will demonstrate that the EEOC engaged in unreasonable and inexcusable delay that has resulted in prejudice to UPS, including the seven year delay between the filing of the Commissioner's charge and this lawsuit. If such prejudice is established in discovery, these are viable defenses, and the EEOC's effort to prevent UPS from exploring them is improper.

UPS's Twelfth Affirmative Defense asserts a statute of limitations defense. This defense was also included in UPS's recent motion. Your Honor found UPS's statute of limitations argument to be meritorious and applied it to the claims at issue. Clearly, this defense should not be stricken.

UPS's Twenty Second Affirmative Defense involves any potential claims the EEOC may raise which are not within the scope of the Commissioner's underlying charge. Unlike most enforcement actions, the instant suit arises out of the EEOC Commissioner's Charge. Subsequent to the Commissioner's charge, which more than encompassed Mr. Abdullah and Mr. Farhan's charges, the EEOC engaged in an extensive investigation. The reasonableness of that investigation, and whether certain of the claims fall outside of the scope of the EEOC's investigation and determination are appropriate areas of inquiry, as only violations "ascertain[ed] in the course of a reasonable investigation of the charging party's complaint" are actionable.

Moreover, there is no reasonable claim of prejudice to the EEOC regarding the affirmative defenses at issue, since the inclusion of these defenses would not significantly impact the time or magnitude of the anticipated discovery process in this litigation. The majority of the discovery relating to these defenses relates to when charges were filed, what claims were at issue, how they were processed, the scope and findings of the investigation, and the timing of the events at issue in the charges. All of these issues are fairly explored in discovery in this case, whether or not these affirmative defenses are included. As a result, the EEOC cannot meet its burden of proving that it will be prejudiced by the inclusion of the defenses. Rather, the EEOC simply seeks to avoid any investigation into its own handling of the charge and whether UPS has been given the procedural protections to which it is entitled by law.

The affirmative defenses set forth in UPS's Answer apply equally to the EEOC, the two named Claimants and any future claimant the EEOC may choose to include. There are already reasonable questions as to law or fact for each defense, and no prejudice will result to plaintiff if they remain. As such, it is entirely premature for the EEOC to file a motion to strike these defenses at this time. UPS

Honorable Margo K. Brodie
August 30, 2016
Page 4
_____

will agree to withdraw any defenses that are not supported by the law and facts at the close of discovery; but to strike UPS's defenses at this stage and deny it an opportunity to conduct reasonable discovery, particularly where the EEOC has not yet identified all of the claimants, would be unfair and inconsistent with applicable law.

       Thank you for Your Honor's attention to this matter.

                                      Respectfully submitted,

                                      *s/ Wendy Johnson Lario*

                                      Wendy Johnson Lario

WJL:mc
Enclosures