## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

—————————————————————————

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Case No. 1:15-cv-04141-MKB-CLP |
| Plaintiff, | ) ) | Magistrate Judge Cheryl L. Pollak |
| v. | ) ) | |
| UNITED PARCEL SERVICE, INC. | ) ) | |
| Defendant. | ) ) | |

—————————————————————————

---

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
## MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES

---

Elizabeth Fox-Solomon
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Buffalo Local Office
6 Fountain Plaza, Suite 350
Buffalo, New York 14202

Oral Argument on a date and at a time designated by the Court.

## TABLE OF CONTENTS

**INTRODUCTION**................................................................................................1

**ARGUMENT** .....................................................................................................5

   **I.**   **LEGAL STANDARD** ............................................................5

   **II.**  **THE CHALLENGED AFFIRMATIVE DEFENSES ARE INSUFFICIENT AS A MATTER OF LAW AND FAILURE TO STRIKE THOSE INVALID DEFENSES WOULD UNNECESSARILY DELAY THIS ACTION AND PREJUDICE THE EEOC, THE CLAIMANTS, AND THE PUBLIC.**...............6

       **A.**  **The EEOC's Alleged Failure to Conciliate in "Good Faith" Is Not a Defense to a Title VII Action.**........................................................7

       **B.**  **The Equitable Defenses of Waiver, Estoppel, Laches, and Unclean Hands Are Unavailable and/or Require Specific Facts When Asserted Against a Government Plaintiff Acting in the Public Interest.**.................................10

          **1.**  Waiver (Fifth Affirmative Defense) ....................................10

          **2.**  Estoppel (Fifth Affirmative Defense) ..................................11

          **3.**  Unclean Hands (Sixth Affirmative Defense).......................13

          **4.**  Laches (Sixth Affirmative Defense).....................................14

       **C.**  **There Is No Statute of Limitations Bar to This Action.** ............................18

       **D.**  **The EEOC Has Satisfied Its Pre-Suit Requirements.** ...............................19

       **E.**  **The EEOC Is Not Limited to the Claims Raised by the Charging Parties.** ...................................................21

       **F.**  **The EEOC Is Not Required to Complete Its Investigation and Issue a Determination Within Any Particular Period of Time.** .........................22

**CONCLUSION** ..................................................................................24

ii

## INTRODUCTION

This is an action brought in the public interest by Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), to correct unlawful employment practices on the basis of religion. As set forth more fully in the Complaint (ECF No. 1 [hereafter, "Compl."]), the EEOC alleges that Defendant United Parcel Service, Inc. ("UPS" or "Defendant") has discriminated against applicants and employees nationwide whose religion conflicts with the company's Uniform and Personal Appearance Guidelines ("appearance policy"). Specifically, the EEOC alleges that Defendant violated Title VII by refusing to provide religious accommodations to such individuals or unreasonably delaying their requests; failing to hire, promote, or transfer them into positions covered by the appearance policy; and segregating them into non-supervisory positions and positions without customer contact. These individuals include Charging Party Bilal Abdullah, Charging Party Muhammad Farhan, and a class of similarly-aggrieved applicants and employees from diverse faith traditions, including Muslims, Rastafarians, Native Americans, Christians, Sikhs, and Orthodox Jews (hereafter, "claimants").

This action stems from a Charge of Discrimination filed with the EEOC on January 19, 2006. ECF No. 26-3. Charging Party Bilal Abdullah, a Muslim applicant for a driver-helper position, alleged that UPS failed to accommodate his sincerely-held religious beliefs and failed to hire him because of his religion. *Id.* The EEOC provided Defendant with notice and a copy of the charge on January 27, 2006, and promptly commenced its investigation. ECF No. 28-1. In March 2006, the EEOC requested nationwide information from UPS with respect to applicants denied employment based upon the appearance policy and employees who requested a religious

1

accommodation concerning the appearance policy.  ECF No. 26-6.  Defendant refused to provide the requested information.  ECF No. 26-7.

Meanwhile, Charging Party Muhammad Farhan filed a Charge of Discrimination with the EEOC on April 26, 2007.  ECF 26-4.  Farhan, a Muslim employee, alleged that UPS demoted him because of his religion, and that Defendant "had a pattern or practice of refusing to accommodate the religious observances, practices and beliefs of its employees."  *Id.*  The EEOC provided Defendant with notice and a copy of the Charge on May 3, 2007.  ECF No. 28-4. UPS did not respond to the charge.  ECF No. 28-5.

In light of Defendant's refusal to cooperate with the investigation, the EEOC issued an administrative subpoena in connection with the Abdullah and Farhan charges on July 25, 2007. ECF No. 26-12.  Defendant refused to comply with the subpoena and instead petitioned the EEOC to revoke or modify the subpoena.  ECF No. 28-13.  The Commission denied the petition on August 24, 2007, and directed Defendant to produce the information requested within 10 days.  ECF No. 28-7.  Defendant failed to comply and, in November 2007, the EEOC commenced subpoena enforcement proceedings in the U.S. District Court for the Western District of New York.  ECF No. 26-14.  The District Court denied the EEOC's application on September 3, 2008, and the EEOC appealed.  ECF No. 26-15.

On December 4, 2008, the EEOC issued a Commissioner's Charge in order to continue its investigation pending a determination on the appeal.  ECF No. 26-5.  The Commissioner's Charge alleged, among other things, that UPS "has violated and continues to violate Title VII . . . by unlawfully discriminating against applicants and employees based on religion through its application of its 'Uniform and Personal Appearance Guidelines.'"  *Id.*  The charge was filed on December 10, 2008, and served upon Defendant on December 15, 2008.  ECF No. 26-5.

The Second Circuit reversed the District Court's order on November 19, 2009, rejecting Defendant's objections to the subpoena as "without merit" and concluding that the trial court applied "too restrictive a standard of relevance" in refusing to enforce the administrative subpoena. *EEOC v. United Parcel Serv., Inc.*, 587 F.3d 136, 137, 140 (2d Cir. 2009). Specifically, the Court ruled that "[t]he district court's determination that information about how religious exemptions to the UPS Appearance Guidelines are handled nationwide was not relevant to the charges being investigated by the EEOC in this case clearly was erroneous." *Id.*

Despite the clear ruling by the Second Circuit, Defendant did not turn over all of the information sought in the July 2007 subpoena until November 2010—one year after the Second Circuit decision, three years after issuance of the subpoena, and four-and-a-half years after the EEOC first requested the information. Once the EEOC finally received the information it sought from Defendant, it took the Commission about 19 months to complete its investigation. On June 29, 2012, the EEOC issued a Letter of Determination on the three charges of discrimination. ECF No. 26-28. The EEOC determined that Defendant discriminated against Charging Party Abdullah "by failing to accommodate and failing to hire him on the basis of his religion," and that it discriminated against Charging Party Farhan "by harassing, failing to accommodate, failing to promote and demoting him on the basis of his religion." *Id.* The EEOC further found that Defendant "violate[d] Title VII by engaging in a nationwide pattern of discriminatory actions and failure to grant accommodations of religious practice." *Id.*

The EEOC's Letter of Determination "invite[d] [UPS] to join with it in an effort toward a just resolution of this matter," and outlined the proposed terms of conciliation. ECF No. 26-28. Over the next two years, the parties communicated in an effort to resolve the case without resorting to litigation. Among other things, the EEOC and Defendant met in person and

exchanged at least fourteen letters, amounting to over 50 pages of correspondence between the parties.  ECF No. 28 ¶ 45.  Conciliation ultimately failed on August 25, 2014.  *Id.*

The EEOC thereafter commenced this action by Complaint filed July 25, 2015.  ECF No. 1.  In lieu of an Answer, Defendant filed a motion to dismiss the Complaint on October 2, 2015.  ECF No. 17.  Defendant sought to dismiss the Complaint on the basis that (1) the EEOC failed to make a prompt determination of the three charges of discrimination; (2) the EEOC failed to conciliate in good faith; and (3) laches.  ECF No. 15.  Defendant also sought to dismiss any claims based on acts occurring prior to February 8, 2008—300 days before the Commissioner's Charge—as untimely.  *Id.*  After a pre-motion conference with Judge Margo K. Brodie on October 13, 2015,[1] Defendant withdrew its failure-to-conciliate argument.  ECF No. 19.

By order entered July 19, 2016, Judge Brodie converted Defendant's motion to dismiss to a motion for summary judgment, denied Defendant's motion with respect to unreasonable delay and laches, and granted Defendant's motion to limit the claims based upon the 300-day charge-filing requirement. [2]  The Court reserved decision as to whether the 300-day period for class claims commenced on March 22, 2006, when the EEOC first sought nationwide information from UPS, or August 18, 2006, when the EEOC sent a letter reiterating and clarifying its request.  *Id.*

Defendant subsequently filed its Answer on August 2, 2016.  ECF No. 32 (hereafter, "Answer").  The Answer denied the material allegations of the Complaint and asserted 30 affirmative defenses.

---

[1] *See* Transcript from October 13, 2015 Pre-Motion Conference, attached as Exhibit 1 to the Declaration of Elizabeth Fox-Solomon, submitted herewith.

[2] *See* Transcript from July 19, 2016 Proceedings before Judge Brodie, attached as Exhibit 2 to the Declaration of Elizabeth Fox-Solomon, submitted herewith; *see also* Minute Order for Proceedings held before Judge Brodie on July 19, 2016, attached as Exhibit 3 to the Declaration of Elizabeth Fox-Solomon, submitted herewith.

On August 23, 2016, the EEOC notified the Court of its intention to file a motion to strike several of Defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).  ECF No. 35.  The EEOC also requested a pre-motion conference pursuant to Section 3(A)(i) of Judge Brodie's Individual Practices and Rules.  *Id.*  Defendant responded by letter dated August 30, 2016.  ECF No. 36.  By order entered August 31, 2016, the Court referred the pre-motion conference and the EEOC's anticipated motion to strike to Your Honor.  *See* Fox-Solomon Declaration, Exhibit 4 (ECF notification of referral order).

The EEOC now moves to strike seven of Defendant's affirmative defenses as legally insufficient.  Specifically, the EEOC moves to strike Defendant's Fourth (failure to conciliate), Fifth (waiver and estoppel), Sixth (laches and unclean hands), Twelfth (statute of limitations), Fifteenth (failure to exhaust administrative procedures), Twenty-Second (precluding claims outside scope of charges), and Twenty-Third (failure to make prompt determinations) Affirmative Defenses.  Each of the asserted defenses is insufficient as a matter of law, and failure to strike the defenses would unnecessarily delay this action and prejudice the EEOC by requiring it to undergo lengthy and burdensome discovery on unavailable or insupportable defenses.  The EEOC therefore respectfully requests that the Court strike the above-referenced defenses from Defendant's Answer for the reasons set forth herein.

## ARGUMENT

### I.    LEGAL STANDARD

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The purpose of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by

dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted).  Thus, although motions to strike are "generally disfavored," *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010), "'a defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense.'" *EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004) (quoting *SEC v. Elecs. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), *aff'd.*, 891 F.2d 457 (2d Cir. 1989), *cert. denied* 496 U.S. 942 (1990)).

To prevail on a motion to strike an affirmative defense, the plaintiff must show that "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *Assets Recovery Ctr. Invs., LLC v. Smith*, No. 13 CV 253, 2014 U.S. Dist. LEXIS 97352, at *34 (E.D.N.Y. Mar. 12, 2014).  With respect to the third prong, "an increase in time and expense of litigation may constitute sufficient prejudice to warrant striking a defense." *Gov't Emps. Ins. Co. v. Saco*, No. 12-CV-5633, 2015 U.S. Dist. LEXIS 43970, at *19 (E.D.N.Y. Apr. 2, 2015).  Resolution of a motion to strike is committed to the trial court's discretion.  *Bay Ridge*, 327 F. Supp. 2d at 170; *see Gov't Emps Ins. Co.*, 2015 U.S. Dist. LEXIS 43970, at *18.

## II.    THE CHALLENGED AFFIRMATIVE DEFENSES ARE INSUFFICIENT AS A MATTER OF LAW AND FAILURE TO STRIKE THOSE INVALID DEFENSES WOULD UNNECESSARILY DELAY THIS ACTION AND PREJUDICE THE EEOC, THE CLAIMANTS, AND THE PUBLIC.

The seven Affirmative Defenses that are the subject of this motion should be stricken because there are no questions of law or fact that would allow the defenses to succeed, and requiring the EEOC to undergo lengthy and burdensome discovery, motion practice, and

potentially trial on these invalid defenses would substantially prejudice the EEOC, the claimants, and the public. *See FDIC v. Eckert Seamans Cherin & Mellott*, 754 F. Supp. 22, 23 (E.D.N.Y. 1990) (when a defense "is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim.").

### A.   The EEOC's Alleged Failure to Conciliate in "Good Faith" Is Not a Defense to a Title VII Action.

Defendant's Fourth Affirmative Defense states that the EEOC's claims are "barred" because the Commission "failed to pursue conciliation in good faith as to Bilal Abdullah, Muhammad Farhan and any claimant subsequently identified." Answer at 6. That defense is insufficient as a matter of fact and as a matter of law, and should be stricken from the Answer.

Although the EEOC is required to engage in conciliation prior to filing a Title VII action, the Supreme Court unanimously confirmed in *EEOC v. Mach Mining*, 135 S. Ct. 1645, 1655-56 (2015), that "the obligation to conduct those efforts in good faith is not a component of the requirement." *EEOC v. Rosebud Rests., Inc.*, No. 13-cv-06656, 2015 U.S. Dist. LEXIS 138342, at *2 (N.D. Ill. Oct. 7, 2015). According to the Supreme Court, the statute requires only that the EEOC "try to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice." *Mach Mining*, 135 S. Ct. at 1655-56. The Court recognized the "expansive discretion" Title VII affords the EEOC to "decide how to conduct conciliation efforts and when to end them." *Id.* at 1656. Thus, in reviewing whether the EEOC satisfied its conciliation obligation, a court "looks only to *whether the EEOC attempted to confer about a charge, and not to what happened* (*i.e.*, statements made or positions taken) during those discussions." *Id.* (emphasis added). As Judge Brodie correctly noted during the October 13, 2015 pre-motion conference on Defendant's motion to dismiss, the court "can't look to see whether [the EEOC] acted with good faith or

not . . . As I understand it, my scope of review is limited to did they [conciliate], and if they did, then I don't know that I need to look beyond that." Ex. 1, at 5; *see id.* at 8-9, 24; *see also id.* at 26 ["I understand that I cannot and should not be making a good faith determination"]).

Here, Defendant admits that "there were communications between UPS and the EEOC related to conciliation." Answer 3 ¶ 8. Indeed, during the pre-motion conference, Judge Brodie specifically asked defense counsel, "Are you saying [the EEOC] didn't reach out to UPS and try to resolve these issues?", to which counsel responded: "[N]o, we are not saying that Your Honor." Ex. 1, at 5. Rather, defense counsel argued that the conciliation process "was so protracted and so unreasonable" that it "violated [the EEOC's] obligation under Title VII to conciliate with any good faith" (Ex. 1, at 5)—an argument precluded by *Mach Mining*. *See EEOC v. Dimensions Healthcare Sys.*, No. GJH-15-2342, 2016 U.S. Dist. LEXIS 70126, at *17 n. 6 (D. Md., May 27, 2016) ("[I]n *Mach Mining*, the Supreme Court explicitly rejected imposing a good faith negotiation requirement on the EEOC . . ."); *see generally EEOC v. Prod. Fabricators*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012) ("[W]here the defense asserted is foreclosed by prior controlling decisions or statutes, the Court may strike it as legally insufficient.") (internal quotation marks omitted).

Inasmuch as the failure to conciliate in good faith is not a defense to Title VII, and Defendant admitted that the parties engaged in conciliation efforts, the Fourth Affirmative Defense is invalid as a matter of law and should be stricken from the Answer. *See Rosebud Rests.*, 2015 U.S. Dist. LEXIS 138342, at *2 (striking affirmative defense of failure to conciliate in good faith as "insufficient as a matter of law"); *see generally EEOC v. Mach Mining, LLC*, 2016 U.S. Dist. LEXIS 5918, at *14-15 (S.D. Ill. Jan. 19, 2016) ("The Supreme Court has held that the EEOC has no procedural requirements with regard to conciliation beyond engaging in

8

some form of discussion and there is no dispute that some form of discussion did occur in this matter.").

Failing to strike the Fourth Affirmative Defense despite its legal insufficiency would prejudice the EEOC, the claimants, and the public. Title VII explicitly provides that "'[n]othing said or done during and as a part of" the conciliation process "may be . . . used as evidence in a subsequent proceeding without the written consent of the persons concerned'—both the employer and the complainant." *Mach Mining*, 135 S. Ct. at 1655 (quoting § 2000e-5(b)); *see EEOC v. Philip Servs. Corp.*, 635 F.3d 164, 166 (5th Cir. 2011) ("By its plain language, the statute does not carve out any exceptions to its prohibition against disclosure of conciliation material"); *EEOC v. FAPS, Inc.*, 2014 U.S. Dist. LEXIS 136006, *45-46 (D. N.J. Sept. 26, 2014) (finding that the employer "inappropriately disclosed" conciliation materials in violation of 42 U.S.C. § 2000-e[5][b]; "[u]nder the plain language of the statute, disclosure of this information is prohibited, with no exceptions . . . .").

Here, a determination of whether the EEOC "failed to pursue conciliation in good faith" (Answer at 6) would "*necessitate* the disclosure and use of such information . . . ." *Mach Mining*, 135 S. Ct. at 1655 (emphasis in original). The disclosure of what is said and done during conciliation is not only prohibited by statute, but would also "undermine[] the conciliation process itself, because confidentiality promotes candor in discussions and thereby enhances the prospects for agreement." *Id.*

Finally, the failure to conciliate does not "bar" an EEOC lawsuit. Rather, "the appropriate remedy is to order the EEOC to undertake the mandated efforts to obtain voluntary compliance." *Mach Mining*, 135 S. Ct. at 1656. Because there are no questions of fact or law that would permit Defendant to succeed on its failure to conciliate defense and because allowing

9

Defendant to pursue that defense would be highly prejudicial, the Fourth Affirmative Defense should be stricken from the Answer. *See Trs. v. Wilner's Livery Serv.*, No. 11-CV-3180, 2012 U.S. Dist. LEXIS 135606, at \*9 (E.D.N.Y. Sept. 19, 2012) (striking affirmative defenses where "there is no substantial question of law, nor any facts, that would allow these defenses to succeed," and the plaintiff would be prejudiced by litigating against invalid defenses); *see also Sanchez v. La Rosa Del Monte Express*, 1994 U.S. Dist. LEXIS 15589, at \*4 (N.D. Ill. Oct. 25, 1994) ("If it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the Complaint, the matter will be stricken as legally insufficient."); *Mohegan Tribe v. Connecticut*, 528 F. Supp. 1359, 1370 (D. Conn. 1982) (striking defense as legally insufficient where it "could not possibly prevent recovery by the plaintiff") (internal quotation marks omitted).

### B. The Equitable Defenses of Waiver, Estoppel, Laches, and Unclean Hands Are Unavailable and/or Require Specific Facts When Asserted Against a Government Plaintiff Acting in the Public Interest.

Defendant asserts as its Fifth and Sixth Affirmative Defenses that "[t]he Complaint is barred in whole or in part by the doctrine of waiver and/or estoppel," and that "[t]he Complaint is barred in whole or in part by the doctrine of laches and unclean hands." Answer at 7. All four defenses are insufficient as a matter of law and/or as a matter of pleading, and should be stricken from the Answer.

#### 1. Waiver (Fifth Affirmative Defense)

The equitable defense of waiver may not be asserted against a government plaintiff acting in the public interest. *see City of New York v. FedEx Ground Package Sys.*, 314 F.R.D. 348, 357-358 (S.D.N.Y. 2016) (recognizing the "line of authority prohibiting equitable defenses from applying to government actors exercising broad discretion to discharge statutory duties"). In any

event, Defendant fails to specify what the EEOC allegedly waived, and the Answer is devoid of any facts supporting a waiver defense.

Waiver is "the intentional relinquishment of a known right." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 428 (S.D.N.Y. 2010). Here, Defendant does not allege that the EEOC relinquished any of its rights, let alone that it did so intentionally. Thus, "there is no question of fact or law that might allow a waiver defense to succeed, and the defense is therefore insufficient as a matter of law." *Id.* Moreover, failing to strike the legally insufficient defense of waiver would prejudice the EEOC by requiring it to "incur increased discovery costs in having to explore the factual basis for th[at] defense[]." *Id.* at 427.

### 2. Estoppel (Fifth Affirmative Defense)

"The principle of equitable estoppel is not applied to the Government on the same terms as it is to private citizens." *United States v. Boccanfuso*, 882 F.2d 666, 669 (2d Cir. 1989). "The different standard for estoppel of the Government springs from the tenet that estoppel would frustrate the Government's ability to enforce the law and, in turn, undermine the public interest in full enforcement of the law." *Id.*; *see Heckler v. Community Health Servs.*, 467 U.S. 51, 60 (1984) ("When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined"). Thus, as a general rule, the defense of estoppel cannot be invoked against a government agency to prevent it from discharging its statutory duties. *FedEx Ground Package Sys.*, 314 F.R.D. at 358.

Assuming that estoppel "can ever be appropriately applied against the Government" (*Heckler v. Community Health Servs.*, 467 U.S. 51, 66 (1984)), a "'private party surely cannot prevail' on such an estoppel claim 'without at least demonstrating that the traditional elements of

11

an estoppel are present.'" *Becker v. IRS*, 407 F.3d 89, 99 (2d Cir. 2005) (quoting *Heckler*, 467 U.S. at 61). Thus, "a party must show that the Government made a misrepresentation upon which the party reasonably relied to its detriment." *Boccanfuso*, 882 F.2d at 670 (2d Cir. 1989); *see Becker*, 407 F.3d at 99 ("We will not find an estoppel where the claimant could not have reasonably relied on any Government misrepresentation.") (internal quotation marks omitted).

Here, the pleadings "are void of any facts supporting a defense of estoppel." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 426 (S.D.N.Y. 2010). UPS does not allege that it relied to its detriment on any misrepresentation by the EEOC, which is an essential element of equitable estoppel. *See Coach*, 756 F. Supp. 2d at 426-27; *SEC v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999). Thus, "there is no question of fact or law that might allow an estoppel defense to succeed and the defense is therefore insufficient as a matter of law." *Coach,* 756 F. Supp. 2d at 427; *see McCaskey*, 56 F. Supp. 2d at 326-27.

Even if UPS could prove that it reasonably relied to its detriment on some material misrepresentation by the EEOC, "the law requires more than that when a party invokes equitable estoppel against a government (or its agent) acting in a governmental capacity." *Petrelli v. City of Mount Vernon*, 9 F.3d 250, 256 (2d Cir. 1993). "To be successful, the defendant must prove that the government's conduct was egregious and that the resulting prejudice to the defendant was of a constitutional magnitude." *McCaskey*, 56 F. Supp. 2d at 326.

UPS has "offered nothing to suggest [it] detrimentally relied on any misrepresentation by the [EEOC], let alone that such reliance resulted in prejudice to [its] case of a constitutional magnitude." *McCaskey*, 56 F. Supp. 2d at 326. Moreover, allowing the Defendant's estoppel defense to remain in the case would prejudice the EEOC "by needlessly lengthening and

complicating the discovery process and trial of this matter." *Id.* at 326-27.  The equitable

estoppel defense should therefore be stricken from the Answer.  *See id.* at 327.

### 3.  Unclean Hands (Sixth Affirmative Defense)

The unclean hands defense, like estoppel, is generally unavailable against a governmental

plaintiff acting in the public interest.  *United States v. N.Y. Metro. Transp. Auth.*, CV 2004-4237,

2006 U.S. Dist. LEXIS 59536, at *5 (E.D.N.Y. Jan. 12, 2006) ("[W]hen the government acts . . .

in the public interest, it cannot be subject to the unclean hands defense."); *United States v. Philip*

*Morris, Inc.*, 300 F. Supp. 2d 61, 75 (D.D.C. 2004) ("When . . . the Government acts in the

public interest the unclean hands doctrine is unavailable as a matter of law."); *Martin v.*

*Nationsbank of Ga., N.A.*, No. 1:92-CV-1474, 1993 U.S. Dist. LEXIS 5322, at *13 (N.D. Ga.

Apr. 6, 1993) ("[Courts] refuse to apply the defense [of unclean hands] whenever the

government acts in its sovereign capacity to enforce federal law.").

The EEOC is vested by statute with the primary responsibility for enforcing Title VII.

*See EEOC v. Superior Temp. Servs., Inc*., 56 F.3d 441, 445 (2d Cir. 1995).  Thus, "[w]hen the

EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to

vindicate the public interest in preventing employment discrimination."  *General Tel. Co. v.*

*EEOC*, 446 U.S. 318, 326 (1980); *EEOC v. Kimberly-Clark Corp*., 511 F.2d 1352, 1359 (6th Cir.

1975) ("[T]he EEOC represents the public interest when it sues to enforce Title VII, not solely

the interests of the private charging parties."); *EEOC v. Fed. Express Corp.*, 268 F. Supp. 2d

192, 201 (E.D.N.Y. 2003) (EEOC is "charged with enforcing the public interest in eradicating

employment discrimination").  The unclean hands defense is therefore unavailable as a matter of

law to preclude this Title VII action, and should be stricken on that basis alone.  *See FedEx*

*Ground Package Sys.*, 314 F.R.D. at 357-58.

Even if the unclean hands doctrine could ever apply to a government agency acting in the public interest, Defendant has offered no factual basis to support its unclean hands defense in the Answer.  *See Philip Morris*, 300 F. Supp. 2d at 76; *see also Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 114 (S.D.N.Y. 2005).  The doctrine of unclean hands "prohibits awarding equitable relief to a party that has acted fraudulently or deceitfully to gain an unfair advantage."  *FedEx Ground Package Sys.*, 314 F.R.D. at 356-57.  Here, Defendant does not allege any misconduct on the part of the EEOC that would support such a defense. [3] *See Bay Ridge Toyota*, 327 F. Supp. 2d at 172-73.  Accordingly, "there is no question of fact or law that might allow [Defendant]'s unclean hands defense to succeed, and the defense is therefore insufficient as a matter of law." *Coach*, 756 F. Supp. 2d at 430; *see also Broadspring, Inc. v. Congoo, LLC*, No. 13-CV-1866, 2014 U.S. Dist. LEXIS 177838, at *5-6 (S.D.N.Y. Dec. 29, 2014).

Moreover, the EEOC would be prejudiced by burdensome and otherwise irrelevant discovery into its conduct if the unclean hands defense were allowed to stand.  *See Coach*, 756 F. Supp. 2d at 430 (striking legally insufficient unclean hands defense where the plaintiffs "would be prejudiced by the increased time and expense, including unnecessary discovery costs that would result from litigating (the) defense.").  The unclean hands defense should therefore be stricken from the Answer.

### 4.  Laches (Sixth Affirmative Defense)

As discussed more fully in the EEOC's Memorandum of Law in Opposition to Defendant's Motion to Dismiss (ECF No. 27, at 18-36), generally laches is "no defense" to a suit by the government "to enforce a public right or protect a public interest."  *Utah Power & Light*

---

[3] The only assertion that comes close to an allegation of misconduct is Defendant's assertion in its Fourth Affirmative Defense that the Commission "failed to pursue conciliation in good faith."  Answer at 6.  That assertion is devoid of any supporting facts and, as discussed above, is invalid as a matter of law.

*Co. v. United States*, 243 U.S. 389, 409 (1917); *see Costello v. United States*, 365 U.S. 265, 281 (1961) ("[L]aches is not a defense against the sovereign"); *Cayuga Indian Nation v. Pataki*, 413 F.3d 266, 278 (2d Cir. 2005), *cert. denied* 547 U.S. 1128 (2006) ("[T]he United States has traditionally not been subject to the defense of laches."). Thus, "delay which might support a defense of laches in ordinary . . . proceedings between private litigants will not bar a . . . proceeding brought by the Government." *Costello*, 365 U.S. at 281; *see United States Immigration & Naturalization Serv. v. Hibi*, 414 U.S. 5, 8 (1973) ("It is well settled that the Government is not in a position identical to that of a private litigant with respect to its enforcement of laws enacted by Congress."). While courts have recognized the availability of laches in at least some actions brought by the United States or one of its agencies, the Second Circuit has cautioned that "only the most egregious instances of laches can be used to abate a government suit." *Cayuga Indian Nation*, 413 F.3d at 279.

Here, the District Court already considered and rejected the affirmative defense of laches in ruling on Defendant's motion to dismiss the complaint, and the court's rulings constitute law of the case with respect to those issues.  *See* Ex. 2, at 68-71; Ex. 3; *see generally Arizona v. California*, 460 U.S. 605, 618 (1983) (the law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009) ("[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case.").  The Court identified November 2010, when Defendant finally turned over the information requested by the EEOC, as the beginning of the applicable laches period.  Ex. 2, at 68.  According to the Court, the only periods of delay that are reasonably attributed to the EEOC are:  (1) the period from November 2010 until the EEOC's determination

on the three charges of discrimination in June 2012; and (2) from the end of conciliation in August 2014 until the filing of the suit in July 2015. Ex. 2, at 68-69.

With respect to the first period of time, the Court concluded that Defendant did not meet its burden of establishing that the EEOC's 19-month investigation into the nationwide claims of religious discrimination was unreasonable or inexcusable. Ex. 2, at 68-69; *see EEOC v. Scrub, Inc.*, No. 09 C 4228, 2010 U.S. Dist. LEXIS 81505, at *9-10 (N.D. Ill. Aug. 10, 2010) (21-month investigation not unreasonable); *EEOC v. Lockheed Martin Global Telecommns., Inc.*, 514 F. Supp. 2d 797, 802 (D. Md. 2007) (describing investigation lasting one-and-a-half years as "relatively short"); *EEOC v. Anderson's Rest.*, No. C-C-86-002-P, 1986 U.S. Dist. LEXIS 31189, at *18 (W.D.N.C. Apr. 20, 1986) (20-month investigation not unreasonable); *see generally A&P*, 735 F.2d at 83 ("[A] conclusion that the duration of the investigative period constituted inordinate delay would undermine an important purpose of [Title VII]," i.e., that "'the Commission's ability to investigate charges of systemic discrimination not be impaired.'") (quoting *EEOC v. Shell Oil Co.*, 466 U.S. 54, 69 (1984)).

As for the second period at issue, the Court ruled that "in view of the steps that must be followed before the EEOC may file suit, an 11-month period between the end of conciliation, and the filing of suit, is not unreasonable as a matter of law." 7/19/2016 Tr, at 69; *see EEOC v. North Hills Passavant Hosp.*, 544 F.2d 664, 673 (3d Cir. 1976) ("[N]o facts capable of supporting a holding of laches on the basis of unreasonable delay" where the EEOC filed suit within 10 months of failure of conciliation); *EEOC v. Luby's Inc.*, No. CV 04-1094, 2005 U.S. Dist. LEXIS 38089, at *19-20 (D. Ariz. Dec. 29, 2005) (ten-and-a-half-month delay between the end of conciliation and the filing of the complaint not unreasonable as a matter of law).

Moreover, failing to strike the laches defense would significantly prejudice the EEOC. During oral argument on Defendant's motion to dismiss, defense counsel provided a glimpse of the type of information UPS will be seeking in discovery if the laches defense is permitted to stand.  Ex. 2, at 39-40.  Specifically, defense counsel referenced case logs "or some kind of reflection of a record that would show how many calls were made; why the investigation took so long; why the conciliation periods were delayed . . . ; and why the deliberations to file suit took 11 months."  Ex. 2, at 39-40.  Much of the information defense counsel described is privileged, and would require disruptive and invasive discovery from EEOC investigators, support staff, and attorneys.  *See FedEx Ground Package Sys., Inc.*, 314 F.R.D. at 366 (finding prejudice and striking affirmative defenses of waiver, estoppel, laches, and unclean hands; government plaintiffs "should not have to participate in wide-ranging discovery that could potentially sweep in decades' worth of discretionary enforcement decisions and internal deliberations"); *see generally Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) ("The function of the [Rule 12(f)] motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case.") (internal quotation marks omitted).

Given that both parties have extensively briefed and argued the affirmative defense of laches, and that inclusion of the defense would significantly increase the length and scope of discovery and any trial in this matter, the laches defense should be stricken from the Answer. *See Bluewater Trading LLC v. Willmar USA, Inc.*, No. 07-61284, 2008 U.S. Dist. LEXIS 108191, *3-4 (S.D. Fla. Sept. 9, 2008) (striking affirmative defense where the court previously rejected defense in ruling on motion to dismiss); *Mohegan Tribe*, 528 F. Supp. At 1362 ("Where the merits of a defense have been fully briefed and argued it is within the discretion of the district

17

court to determine its legal sufficiency at a pre-trial stage, particularly where the postponement of the question until trial would considerably complicate discovery.").

### C. **There is No Statute of Limitations Bar to this Action.**

In the Twelfth Affirmative Defense, Defendant asserts that the Complaint is "barred in whole or in part by the relevant statute of limitations" (Answer at 8), but does not identify the "relevant" time period.  That is because "[n]o statute of limitations applies to an EEOC Title VII action."  *EEOC v. A&P*, 735 F.2d 69, 81 (3d Cir. 1984); *see Occidental Life Ins. Co. of Cal. v. EEOC.,* 432 U.S. 355, 360 (1977); *see also EEOC v. Massey-Ferguson, Inc.*, 622 F.2d 271, 275 (7th Cir. 1980) (Title VII "does not contain an express limitation on the time within which the Commission may bring an enforcement suit.").  Indeed, the Supreme Court has stated that while "Congress did express concern for the need of time limitations" with respect to Title VII, "that concern was directed entirely to the initial filing of a charge with the EEOC and prompt notification thereafter to the alleged violator."  *Occidental*, 432 U.S. at 371.

In responding to the EEOC's pre-motion letter, UPS asserts that Judge Brodie "found UPS's statute of limitations argument to be meritorious and applied it to the claims at issue."  ECF No. 36, at 3.  That is incorrect.  The District Court did not rule that this action is barred in whole or in part by a statute of limitations.  Rather, the Court applied Title VII's 300-day charge-filing period for private plaintiffs to the EEOC,[4] and ruled that the relevant date for purposes of the 300-day period is the date that the EEOC provided notice to UPS that the investigation had

---

[4] 42 U.S.C. § 2000e-5(e)(1) (a "person aggrieved" under Title VII must file a charge of discrimination "within three hundred days after the alleged unlawful employment practice occurred."); *see Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 623-624 (2007) ("An individual wishing to challenge an employment practice . . . must first file a charge with the EEOC. . . . Such a charge must be filed within a specified period (either 180 or 300 days, depending on the State) after the alleged unlawful employment practice occurred . . . and if the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court."); *Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 204 (E.D.N.Y. 2014) ("A plaintiff seeking to bring claims pursuant to Title VII must file a complaint with the EEOC or equivalent state agency within 300 days of the challenged conduct").

expanded beyond the initial charge of discrimination filed by Charging Party Abdullah.  Ex. 2, at 71-72.

Accordingly, inasmuch as the EEOC is not bound by any statute of limitations in this matter, the Twelfth Affirmative Defense is insufficient as a matter of law and should be stricken. *Accord McCaskey*, 56 F. Supp. 2d at 326 (striking statute of limitations defense where "[n]o statute of limitations applies to the SEC's claims for equitable remedies . . .").

### D.  The EEOC Has Satisfied Its Pre-Suit Requirements.

In its Fifteenth Affirmative Defense, Defendant asserts that the EEOC's claims "are barred to the extent it failed to exhaust the administrative procedures that are prerequisites to the claims asserted."  Answer at 8.  That defense is procedurally and legally deficient, and should be stricken from the Answer.

The EEOC's Complaint alleges that "[a]ll conditions precedent to the initiation of this lawsuit have been fulfilled."  Compl. 3 ¶ 10.  While the Federal Rules permit a party to "allege generally that all conditions precedent have occurred or been performed," Fed. R. Civ. P. 9(c), "Rule 9(c) of the Federal Rules of Civil Procedure provides that, 'when denying that a condition precedent has occurred or been performed, a party must do so with particularity.'" *Five Star Dev. Resort Communities, LLC v. iStar RC Paradise Valley LLC*, No. 09 Civ. 2085, 2012 U.S. Dist. LEXIS 41239, at *6 (S.D.N.Y. Mar. 26, 2012) (quoting Fed. R. Civ. P. 9 (c)); *see Rosebud Rests., Inc.*, 2015 U.S. Dist. LEXIS 138342, at *3 (Rule 9(c) "disallow(s) a general denial in response to the general allegation of performance of all conditions, and instead . . . require(s) a defendant to identify the conditions left unfulfilled").  Because UPS does not specify which "administrative procedures" the EEOC allegedly failed to satisfy, the Fifteenth Affirmative Defense should be stricken on that basis alone.  *See EEOC v. Courtesy Bldg. Servs.*, Civil Action

No. 3:10-CV-1911-D, 2011 U.S. Dist. LEXIS 5938, at *16-17 (N.D. Tex. Jan. 21, 2011) (striking affirmative defense of failure to exhaust administrative remedies where the defendant "failed to plead with particularity the basis for its defense of failure to exhaust."); *accord Sprint Solutions, Inc. v. Shoukry*, Civil Action 2:14-cv-00127, 2014 U.S. Dist. LEXIS 152851, at *6-7 (S.D. Ohio Oct. 28, 2014).

In any event, as stated in the Complaint and not sufficiently denied by Defendant, the EEOC satisfied its pre-suit requirements here.  The conditions precedent to a suit brought by the EEOC under Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) are as follows:  (1) the filing of a timely charge of discrimination; (2) service of notice of the charge on the employer; (3) an investigation of the charge; (4) a determination by the Commission that reasonable cause exists to believe that the charge is true; and (5) an attempt by the EEOC to eliminate the unlawful employment practices by informal methods of conference, conciliation, and persuasion.  *See Mach Mining*, 135 S. Ct. at 1649-50; *Shell Oil Co.*, 466 U.S. at 63-64; *EEOC v. Sterling Jewelers Inc.*, 801 F.3d 96, 100 (2d Cir. 2015), *petition for cert. filed* at __, (U.S. Apr. 29, 2016) (No. 15-1329).

Here, Defendant admits that the three charges were filed with the EEOC (Answer at 2 ¶ 6); that the Commission issued a reasonable cause determination in connection with the three charges (*id.* at 3 ¶ 7); and that the parties engaged in conciliation discussions (*see id.* at 3 ¶ 8). Defendant does not dispute that it received notice of the charges,[5] or that the EEOC conducted an investigation.[6]  While Defendant may take issue with *how* the EEOC conducted its investigation,

---

[5] *See* ECF No. 26-1, at 3-4, 7-8; *see also* ECF No. 28-1 (Notice of Abdullah Charge); ECF No. 28-4 (Notice of Abdullah Charge); ECF No. 26-5 (Notice of Commissioner's Charge).

[6] See ECF No. 26-27 (3-14-2012 ltr from Wendy Johnson Lario to EEOC), at 2 ("This is a case where the EEOC has conducted a thorough and extensive investigation."); see also ECF No. 26-1 (UPS Brief in Support of Motion to Dismiss), at 2 (referencing "years of investigation" and "letters exchanged by the parties during the charge

"courts may not review the *sufficiency* of an investigation-only whether an investigation

occurred." *Sterling Jewelers Inc.*, 801 F.3d at 101 (emphasis added).

Accordingly, because "there is no substantial question of law, nor any facts, that would

allow the Defendant to successfully argue that" the EEOC failed to satisfy all preconditions to

suit, and, further, because the EEOC "would be prejudiced by the time and expense of litigating

this issue," the Fifteenth Affirmative Defense should be stricken from the Answer. *Wilner's*

*Livery Serv.,* 2012 U.S. Dist. LEXIS 135606, at *12.

### E.  The EEOC Is Not Limited to the Claims Raised by the Charging Parties.

Defendant asserts in its Twenty-Second Affirmative Defense that the EEOC "may not

recover any damages or pursue any claim on behalf of any Claimant based on conduct outside

the scope of the underlying Commission's charge of discrimination, and . . . may not recover any

damages or pursue any claim on behalf of Bilal Abdullah or Muhammad Farhan based on

conduct outside the scope of their respective charges."  Answer at 9.  That is simply incorrect as

a matter of law.

It is well settled that "EEOC enforcement actions are not limited to the claims presented

by the charging parties." *General Tel. Co.*, 446 U.S. at 331.  Rather, "[a]ny violations that the

EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are

actionable." *Id.*; *see EEOC v. Thomas Dodge Corp. of N.Y.*, 524 F. Supp. 2d 227, 235-36

(E.D.N.Y. 2007) (recognizing the EEOC's authority to file an enforcement action that includes

claims and claimants beyond those alleged by the charging party).  The Twenty-Second

Affirmative Defense should therefore be stricken as legally insufficient.

---

investigations"), 10 (asserting that "the investigation of [the] Abdullah, Farhan, and the Commission's charges
ended in November 2010").

Moreover, failing to strike this affirmative defense would prejudice the EEOC, the claimants, and the public by shifting the focus of the litigation from whether UPS engaged in religious discrimination in violation of Title VII to whether particular claims or claimants fall within the contours of the charges filed by Abdullah, Farhan, and the Commission. *See generally Coach, Inc.*, 756 F. Supp. 2d at 426 ("[I]nclusion of a defense that must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation").

**F. The EEOC Is Not Required to Complete Its Investigation and Issue a Determination Within Any Particular Period of Time.**

As its Twenty-Third Affirmative Defense, Defendant asserts that the EEOC's "claims are barred because it failed to make prompt determinations."  Answer at 9.  The District Court already considered and rejected this defense in ruling on Defendant's motion to dismiss.  Ex. 3; *see* Ex. 2, at 64 ("Neither Title VII, nor the courts[,] require the EEOC to complete its investigation within a particular period of time.").  That ruling thus stands as the law of the case, and there is no compelling reason to revisit it here.  *See Hosking v. New World Mortg., Inc.*, No. 07-c-2200 (MKB), 2013 U.S. Dist. LEXIS 130839, at *13-14 (E.D.N.Y. Sept.12, 2013), *aff'd.* 2014 U.S. App. LEXIS 11405 (2d Cir. June 18, 2014) ("The law of the case doctrine counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.")

Because Title VII does not require the EEOC to complete its investigation and issue a determination within a particular time period as a prerequisite to initiating litigation, the Twenty-Third Affirmative Defense is legally insufficient and should be stricken from the Answer. *See* Ex. 2, at 66 (noting Defendant's "inability to point to any legal authority" on this issue).

Moreover, permitting Defendant to proceed with this meritless defense would prejudice the EEOC for the reasons discussed in Section B(4) above.  In order to show that the EEOC's investigation was unreasonably delayed, Defendant would inevitably seek discovery about the pace, strategy, and scope of the underlying investigation, much of which is privileged.  A determination on that issue would require the Court to scrutinize the EEOC's investigatory and deliberative process, which goes beyond the "narrow" and "limited" judicial review sanctioned by the Supreme Court and the Second Circuit.  *Sterling Jewelers*, 801 F.3d at 101 (citing *Mach Mining*, 135 S. Ct. at 1653); *see also EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657, 674 (8th Cir. 2012) ("[T]he nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency.") (internal quotation marks omitted).  As the Second Circuit recognized, permitting extensive judicial review of the EEOC's investigative process "would expend scarce resources and would delay and divert EEOC enforcement actions from furthering the purpose behind Title VII—eliminating discrimination in the workplace."  *Sterling Jewelers*, 801 F.3d at 101-102.  Accordingly, the Twenty-Third Affirmative Defense should be stricken from the Answer as legally insufficient and prejudicial to the EEOC, the claimants, and the public.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Fourth, Fifth, Sixth, Twelfth, Fifteenth, Twenty-Second, and Twenty-Third Affirmative Defenses are insufficient as a matter of law. Failing to strike those defenses would prejudice the EEOC, the claimants, and the public by needlessly lengthening and complicating this litigation, and requiring the Commission to spend its limited time and resources defending itself against unavailable or insupportable defenses rather than fulfilling its statutory mandate to eradicate employment discrimination. The EEOC therefore respectfully requests that the Court strike the challenged defenses from Defendant's Answer for the reasons set forth herein.

Dated:  September 16, 2016                    Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

/s/ Elizabeth Fox-Solomon
Trial Attorney

Buffalo Local Office
6 Fountain Plaza, Suite 350
Buffalo, New York 14202
(716) 551-3393
Elizabeth.fox-solomon@eeoc.gov

Nora E. Curtin, Supervisory Trial Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
(212) 336-3747

Nora.curtin@eeoc.gov

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth Fox-Solomon, hereby certify that on September 16, 2016, the foregoing

document was filed with the Clerk of the Court and served in accordance with the Federal Rules

of Civil Procedures, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules

on Electronic Service upon the following parties and participants:


Wendy Johnson Lario, Esq.
Attorney for Defendant United Parcel Service, Inc.
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
lariow@gtlaw.com


<u>/s/ Elizabeth Fox-Solomon</u>
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Buffalo Local Office
6 Fountain Plaza, Suite 350
Buffalo, New York 14202
(716) 551-3393
Elizabeth.fox-solomon@eeoc.gov

25