**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF NEW YORK**

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                              Plaintiff,

        v.

UNITED PARCEL SERVICE, INC.,

                              Defendants.

---

Civil Action No. CV 15-4141


**DOCUMENT**
**ELECTRONICALLY FILED**

---

**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**
**CERTAIN AFFIRMATIVE DEFENSES**

---

*Wendy Johnson Lario*
GREENBERG TRAURIG
200 Park Avenue
P.O. Box 677
Florham Park, NJ 07932

*Attorneys for Defendant*
*United Parcel Service, Inc.*


Return date:

Oral Argument Requested

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ......................................................................................... 1

LEGAL ARGUMENT ......................................................................................................... 1

    I.       MOTION TO STRIKE AFFIRMATIVE DEFENSES STANDARD .................... 1

    II.      UPS'S AFFIRMATIVE DEFENSES SATISFY THE APPLICABLE
           PLEADING STANDARD AND SHOULD NOT BE STRUCK .......................... 4

    III.     PLAINTIFF'S MOTION IS PREMATURE AND SHOULD BE
           DENIED .......................................................................................................... 6

           A.      A Motion to Strike Affirmative Defenses is Improper Before
                  Discovery Commences ............................................................................ 6

           B.      The Motion Should Be Denied Because Plaintiff EEOC Has Not
                  Identified All Individuals In The "Class" .............................................. 8

    IV.     THE EEOC'S MOTION SHOULD BE DENIED BECAUSE
           PLAINTIFF CANNOT MEET THE DEMANDING STANDARDS
           NECESSARY TO WARRANT THE DRASTIC REMEDY OF
           STRIKING AFFIRMATIVE DEFENSES ...................................................... 10

           A.      There is No Reasonable Claim of Prejudice to the EEOC
                  Regarding the Inclusion of Any Affirmative Defense at Issue ............... 10

           B.      Fifth and Sixth Affirmative Defenses ...................................................... 12

                 i.       The EEOC is not immune from equitable affirmative
                             defenses .................................................................................. 13

                 ii.      Waiver and Estoppel (Fifth Affirmative Defense) ................. 14

                 iii.     Unclean Hands and Laches (Sixth Affirmative Defense) ....... 15

            C.      Fourth, Fifteenth, Twenty-Second and Twenty-Third Affirmative
                    Defenses .................................................................................................. 17

           D.      Twelfth Affirmative Defense ................................................................... 19

    CONCLUSION .............................................................................................................. 21

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*ABE Freight Sys., Inc. v. NLRB,*
    510 U.S. 317 (1994)..............................................................................................15

*Ali v. New York City Transit Auth.,*
    176 F.R.D. 68 (E.D.N.Y. 1977)............................................................................5

*B.W.P. Distribs., Inc. v. OE Plus, Ltd.,*
    2009 WL 1154102 (S.D.N.Y. Mar. 31, 2009) ....................................................11

*Calabrese v. CSC Holdings, Inc.,*
    2006 WL 544394 (E.D.N.Y. Mar. 6, 2006) .........................................................4

*Cayuga Indian Nation v. Pataki,*
    413 F.3d 266 (2d. Cir. 2005)................................................................................16

*Clearfield Trust Co. v. United States,*
    318 U.S. 363 (1943)..............................................................................................16

*County Vanlines Inc. v. Experian Info. Solutions, Inc.,*
    205 F.R.D. 148 (S.D.N.Y.2002) ....................................................................10, 13

*Diaz v. Alternative Recovery Mgmt.,*
    2013 U.S. Dist. LEXIS 66520 (S.D. Cal. May 8, 2013)......................................6

*Dole v. Local 427, Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO,*
    894 F.2d 607 (3d Cir. 1990).................................................................................20

*EEOC v. Bay Ridge Toyota, Inc.,*
    327 F. Supp. 2d 167 (E.D.N.Y. 2004) ..................................................................2

*EEOC v. Carolls Corp.,*
    2011 WL 817516 (N.D.N.Y. Mar. 2, 2011) .......................................................19

*EEOC v. CRST Van Expedited, Inc.,*
    679 F.3d 657 (8th Cir. 2012) ...............................................................................17

*EEOC v. Dillard's Inc.,*
    2011 WL 2784516 (S.D. Cal. July 14, 2011) .....................................................20

*EEOC v. Ford Motor Co.,*
    529 F. Supp. 643 (D. Colo. 1982), *aff'd*, 732 F.2d 120 (10th Cir. 1984) ................2

*EEOC v. S. Haulers, LLC*, 2012 WL 877598 (S.D. Ala. Mar. 14, 2012)......................................2

*EEOC v. Joe Ryan Enterprises, Inc.*,
  281 F.R.D. 660 (M.D. Ala. 2012) ...................................................................................2

*EEOC v. Kaplan Higher Educ. Corp.*,
  790 F. Supp. 2d 619 (N.D. Ohio 2011).........................................................................20

*EEOC v. Kelley Drye & Warren, LLP*,
  2011 WL 3163443 (S.D.N.Y. July 25, 2011) ..............................................................2, 9

*EEOC v. LHC Grp. Inc.*,
  2012 WL 3242168 (S.D. Miss. Aug. 7, 2012)...........................................................2, 6, 9

*EEOC v. Poplar Springs Nursing Ctr.*,
  2009 WL 387335 (S.D. Miss. Feb. 13, 2009)................................................................3

*EEOC v. Product Fabricators, Inc.*,
  873 F. Supp. 2d 1093 (D. Minn. 2012)........................................................................15

*EEOCv. v. Spoa, LLC*,
  2014 WL 47337 (D. Md. Jan. 3, 2014) .........................................................................2

*EEOC v. U.S. Steel Corp.*,
  2012 WL 3017869 (W.D. Pa. July 23, 2012) ...........................................................19, 20

*EEOC v. Unit Drilling Co.*,
  2014 WL 2211011 (N.D. Okla. May 28, 2014)..........................................................11, 18

*Equal Employment Opportunity Comm'n v. CRST Van Expedited, Inc.*,
  615 F. Supp. 2d 867 (N.D. Iowa 2009)........................................................................19

*Figueroa v. RSquared NY, Inc.*,
  2015 WL 3936256 (E.D.N.Y. June 26, 2015) ............................................................4, 10

*FDIC v. Gladstone*,
  44 F. Supp. 2d 81 (D. Mass. 1999) ..............................................................................3

*FTC v. Medicor LLC*,
  2001 WL 765628 (C.D. Cal. June 26, 2001) ..................................................................3

*Green v. City & County of San Francisco Ca.*,
  2007 WL 521240 (N.D. Cal. February 15, 2007)...........................................................7

*Hamilton v. Atlas Turner, Inc.*,
  197 F.3d 58 (2d Cir. 1999), cert. denied, 530 U.S. 1244 (2000).............................14

*Inv'rs Research Corp. v. Sec. & Ech. Comm'n*,
  628 F.2d 168 (D.C. Cir. 1980) ....................................................................................15

*Kosakow v. New Rochelle Radiology Assoc., P.C.*,
   274 F.3d 706 (2d Cir. 2001)..................................................................14

*Lauder v. First UNUM Life Ins. Co.*,
   284 F.3d 375 (2d Cir. 2002)..................................................................14

*Long v. Destination Maternity Corp.*,
   2016 WL 1604968 (S.D. Cal. April 21, 2016)........................................6

*Loubier v. Allstate Ins. Co.*,
   2010 WL 1279082 (D.Conn. Mar. 30, 2010) .......................................10

*Martin v. Nationsbank of Georgia, N.A.*,
   1993 WL 345606 (N.D. Ga. Apr. 6, 1993) ..........................................13

*Mutual Pharm. Co. v. Watson Pharm., Inc.*,
   2010 WL 446132 (D.N.J. Feb. 8, 2010) ...............................................11

*Neogenix Oncology, Inc. v. Gordon*,
   2015 WL 5774171 (E.D.N.Y. Sept. 29, 2015) ........................................3

*Occidental Life Ins. Co. v. EEOC*,
   432 U.S. 355 (1977)...................................................................8, 9, 14, 16

*Perez v. De Domenico Pizza & Rest., Inc.*,
   2016 WL 3774389 (E.D.N.Y. May 31, 2016) .....................................1, 3

*RTC v. Gregor*,
   1995 WL 931093 (E.D.N.Y. Sept. 29, 1995) ...............................3, 10, 14

*Salcer v. Envicon Equities Corp.*,
   744 F.2d 935 (2d Cir.1984)...........................................................6, 7, 13

*SEC v. Downe*,
   1994 WL 67826 (S.D.N.Y. Mar. 3, 1994) ...............................................3

*S.E.C. v. Lorin*,
   869 F. Supp. 1117 (1994) .....................................................................20

*SEC v. Packetport.com*,
   2006 WL 2798804 (D. Conn. Sept. 27, 2006) ...................................3, 13

*SEC v. Sands*,
   902 F. Supp. 1149 (C.D. Cal. 1995), *aff'd sub nom., SEC v. First Pac.
   Bancorp.*, 142 F.3d 1186 (9th Cir. 1998)..............................................13

*Serby v. First Alert, Inc.*,
   934 F.Supp.2d 506 (E.D.N.Y.2013) .......................................................4

iv

*Setzler v. City & County of San Francisco*,
    2008 WL 2264481 (N.D. Cal. June 2, 2008) ........................................................................11

*Sibley v. Choice Hotels Intern., Inc.*,
    304 F.R.D. 125 (E.D.N.Y.2015) ...............................................................................5, 6, 12

*State of New York v. United Parcel Service, Inc.*,
    160 F. Supp. 3d 629 (S.D.N.Y. 2016) ..............................................................................15

*Tardif v. City of New York, et. al.*,
    302 F.R.D. 31 (S.D.N.Y.2014) ........................................................................................2

*Tyco Fire Prod. LP v. Victaulic Co.*,
    777 F. Supp. 2d 893 (E.D. Pa. 2011) ...............................................................................5

*United States v. Fairchild Indus., Inc.*,
    766 F. Supp. 405 (D. Md. 1991) .....................................................................................3

*United States v. Rhode Island Dep't of Corr.*,
    81 F. Supp. 3d 182 (D.R.I. 2015) ..................................................................................20

*United States v. Walerko Tool & Eng'g Corp.*,
    784 F. Supp. 1385 (N.D. Ind. 1992) ..............................................................................13

*Waste Mgmt. Holdings, Inc. v. Gilmore*,
    252 F.3d 316 (4th Cir. 2001) ..........................................................................................2

## **Statutes**

42 U.S.C. § 2000e–5(e)(1)..........................................................................................19

## PRELIMINARY STATEMENT

Defendant United Parcel Service, Inc. ("UPS" or the "Company") respectfully submits this brief in opposition to plaintiff's motion to strike UPS's fourth, fifth, sixth, twelfth, fifteenth, twenty-second, and twenty-third affirmative defenses (the "Affirmative Defenses").

The motion filed by plaintiff Equal Employment Opportunity Commission ("EEOC" or the "Commission") is one that is disfavored by the courts, generally determinable only after discovery and a hearing on the merits, unlikely to be granted unless it appears to a certainty that plaintiff would succeed despite any state of the facts, and unsustainable without demonstrated proof of prejudice. Against this backdrop, plaintiff filed this motion prior to any discovery, ahead of the initial *Rule* 16 conference, before it identified any class claimants, and without showing it could succeed despite any state of facts or would suffer any prejudice. The motion filed by plaintiff also fails to acknowledge that UPS's affirmative defenses may be predicated on the actions (or inactions) of class claimants, who have yet to even be identified.

Simply stated, there is no factual or legal basis for this motion. It is nothing more than a dilatory and superficial tactic designed to avoid discovery of the EEOC's abhorrent pre-suit conduct. For the reasons set forth herein, plaintiff's motion must be denied.

## LEGAL ARGUMENT

## I.   MOTION TO STRIKE AFFIRMATIVE DEFENSES STANDARD

"Although courts are given discretion to resolve Rule 12(f) motions, as a general rule motions to strike affirmative defenses are disfavored and should not be granted unless there are strong reasons for doing so." *Perez v. De Domenico Pizza & Rest., Inc.*, 2016 WL 3774389, at *1 (E.D.N.Y. May 31, 2016).  Indeed, the "Second Circuit… has warned that courts should exercise this discretion with caution:

> A motion to strike an affirmative defense under Rule 12(f), Fed.R.Civ.P., for legal insufficiency is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense. Moreover, even when the facts are not disputed, several courts have noted that a motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law. This is particularly so when, as here, there has been no significant discovery."

*EEOC v. Bay Ridge Toyota, Inc.,* 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004) *quoting Salcer v. Envicon Equities Corp.,* 744 F.2d 935, 939 (2d Cir.1984); *see also Tardif v. City of New York, et. al.,* 302 F.R.D. 31, 32–34 (S.D.N.Y.2014) ("The standard to prevail on a motion to strike an affirmative defense is demanding.").  The striking of a pleading is a drastic remedy that is often pursued by the movant simply as a dilatory tactic. See *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).

The strong presumption disfavoring motions to strike applies even where the plaintiff is the government, as evidenced by the cases denying EEOC motions to strike some of the same affirmative defenses asserted by UPS here. See, e.g., *EEOC v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 664 (M.D. Ala. 2012) (denied EEOC's motion to strike all affirmative defenses, which included unclean hands and estoppel); *EEOC v. Ford Motor Co.*, 529 F. Supp. 643 (D. Colo. 1982) (denied EEOC's motion to strike, *inter alia*, waiver, estoppel, acquiescence, accord and satisfaction and failure to mitigate defenses), *aff'd*, 732 F.2d 120 (10th Cir. 1984); see also, *EEOC v. Spoa, LLC*, 2014 WL 47337, at *3 (D. Md. Jan. 3, 2014) (denied motion to strike defendant's waiver and estoppel affirmative defenses.); *EEOC v. LHC Grp. Inc.*, 2012 WL 3242168, at *3 (S.D. Miss. Aug. 7, 2012) (denied motion to strike defendant's laches, waiver, estoppel, and statutes of limitations affirmative defenses.); *EEOC v. S. Haulers, LLC*, 2012 WL 877598, at *2 (S.D. Ala. Mar. 14, 2012) (denied motion to strike defendant's waiver and estoppel affirmative defenses.); *EEOCv. Kelley Drye & Warren, LLP*, 2011 WL 3163443, at *4

2

(S.D.N.Y. July 25, 2011) (denied motion to strike defendant's waiver, estoppel, laches, and unclean hands defenses.); *EEOC v. Poplar Springs Nursing Ctr.*, 2009 WL 387335, at *1 (S.D. Miss. Feb. 13, 2009) (denying motion to strike all but one of defendant's 31 affirmative defenses because the EEOC did "not articulate any real prejudice which will result if the disputed defenses are not stricken...).

Numerous courts have been similarly hostile to *Rule* 12(f) motions filed by other governmental entities. See, e.g. *United States v. Fairchild Indus., Inc.*, 766 F. Supp. 405 (D. Md. 1991) (denying U.S.'s motion to strike affirmative defenses of unclean hands, waiver, and estoppel); *FDIC v. Gladstone*, 44 F. Supp. 2d 81, 90 (D. Mass. 1999) (denying motion to strike estoppel defense, reasoning that "[b]ecause Defendants' ability to make use of an estoppel defense is a fact intensive question, it would be inappropriate to strike the defense"); *SEC v. Packetport.com*, 2006 WL 2798804 (D. Conn. Sept. 27, 2006) (denying SEC's motion to strike affirmative defenses of estoppel and waiver); *FTC v. Medicor LLC*, 2001 WL 765628 (C.D. Cal. June 26, 2001) (denying FTC's motion to strike affirmative defense of unclean hands); *RTC v. Gregor*, 1995 WL 931093 (E.D.N.Y. Sept. 29, 1995) (denying RTC's motion to strike affirmative defenses of estoppel, waiver, and laches); *SEC v. Downe*, 1994 WL 67826, at *2 (S.D.N.Y. Mar. 3, 1994) (denying SEC's motion to strike affirmative defense of estoppel).

"In order for a court to strike a defense as insufficient: (1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; *and* (3) the plaintiff must be prejudiced by the inclusion of the defense. Accordingly, even if the defense is factually insufficient, the court must still determine whether its inclusion would prejudice the plaintiffs." *Perez,* 2016 WL 3774389, at *1 (E.D.N.Y. May 31, 2016); *Neogenix Oncology, Inc. v. Gordon*, 2015 WL 5774171, at *6

3

(E.D.N.Y. Sept. 29, 2015). "The burden to establish each of these elements rests on the party moving to strike the affirmative defenses." *Figueroa v. RSquared NY, Inc.*, 2015 WL 3936256, at *2 (E.D.N.Y. June 26, 2015).

"When considering the sufficiency of a defense under the first two elements of the analysis, the court must accept the matters well-pleaded as true and should not consider matters outside the pleadings. The court should construe the pleadings liberally to give the defendant a full opportunity to support its claims at trial, after full discovery has been made." *Figueroa, 2015 WL 3936256, at *2–3 (E.D.N.Y. June 26, 2015)*; *see also Serby v. First Alert, Inc.,* 934 F.Supp.2d 506, 516 (E.D.N.Y.2013) (a motion to strike is generally "determinable only after discovery and a hearing on the merits," and "[a] court may therefore strike only those defenses so legally insufficient that it is beyond cavil that defendants could not prevail upon them").

When considering the sufficiency of a defense under the third prong of the analysis, "mere assertions by the moving party that he is prejudiced are insufficient." *Figueroa v. RSquared NY, Inc.*, 2015 WL 3936256, at *2–3 (E.D.N.Y. June 26, 2015), quoting *County Vanlines Inc. v. Experian Info. Solutions, Inc.,* 205 F.R.D. 148, 153 (S.D.N.Y.2002). As with the first two elements, the burden is on the moving party to provide substantive facts to demonstrate prejudice. *Calabrese v. CSC Holdings, Inc.*, 2006 WL 544394, at *4 (E.D.N.Y. Mar. 6, 2006).

The EEOC has failed to meet the high burden required to strike UPS's Affirmative Defenses and its motion should be denied.

## II.  UPS'S AFFIRMATIVE DEFENSES SATISFY THE APPLICABLE PLEADING STANDARD AND SHOULD NOT BE STRUCK

The standard for pleading an affirmative defense is far more lenient than the standard for pleading a claim. The "pleading of affirmative defenses is governed by Rule 8(c), and that rule only requires a defendant to 'affirmatively state' an affirmative defense." *Figueroa,* 2015 WL

4

3936256, at *2 (E.D.N.Y. June 26, 2015), quoting *Sibley v. Choice Hotels Intern., Inc.*, 304 F.R.D. 125, 132 (E.D.N.Y.2015).

"The far majority of district courts in this Circuit have held that the *Twombly/Iqbal* pleading standard does not apply to affirmative defenses." *Sibley v. Choice Hotels Intern., Inc.*, 304 F.R.D. 125, 132 (E.D.N.Y. 2015) ("Given the wealth of recent caselaw holding that the *Twombly/Iqbal* standard does not apply to affirmative defenses, the Court questions whether this is even a disputed issue in this Circuit any longer"). Additionally, "*Form 30 of the Federal Rules of Civil Procedure* indicates that notice pleading suffices to plead an affirmative defense… **Thus there is no requirement under *Rule 8(c)* that a defendant plead any facts at all**." *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 132–33 (E.D.N.Y. 2015) (emphasis added), citing *Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, 2014 WL 3950897, at *3 (S.D.N.Y. Aug. 13, 2014).

"An affirmative defense need not be plausible to survive; it must merely provide fair notice of the issue involved .... [T]he requisite notice is provided where the affirmative defense in question alerts the adversary to the existence of the issue for trial. Providing knowledge that the issue exists, not precisely how the issue is implicated under the facts of a given case, is the purpose of requiring averments of affirmative defenses. Thus, the Court will only strike defenses challenged on sufficiency grounds if they do not meet this low standard." *Tyco Fire Prod. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011).

UPS's Affirmative Defenses are sufficient to put plaintiff on "fair notice" of the affirmative defenses upon which it is relying. As a result, the EEOC's claim that some of UPS's defenses are not supported by facts in the Answer is misplaced. Courts within this District consider such defenses sufficient simply by their assertion. See, e.g. *Ali v. New York City*

*Transit Auth.*, 176 F.R.D. 68 (E.D.N.Y. 1977). For this reason, plaintiff's motion should be denied.

## III.   PLAINTIFF'S MOTION IS PREMATURE AND SHOULD BE DENIED

### A.   A Motion to Strike Affirmative Defenses is Improper Before Discovery Commences

"A motion to strike is generally determinable only after discovery and a hearing on the merits, and [a] court may therefore strike only those defenses so legally insufficient that it is beyond cavil that defendants could not prevail upon them." *Sibley*, at 133 (E.D.N.Y. 2015), citing *Serby,* 934 F.Supp.2d at 516; *Long v. Destination Maternity Corp.*, 2016 WL 1604968 (S.D. Cal. April 21, 2016) ("[A] Plaintiff's motion to strike affirmative defenses is premature before discovery has commenced."); *Diaz v. Alternative Recovery Mgmt.*, 2013 U.S. Dist. LEXIS 66520 (S.D. Cal. May 8, 2013) ("Any lack of factual detail in these defenses may be remedied through the formal discovery process."); *EEOC v. LHC Grp. Inc.*, 2012 WL 3242168, at *4 (S.D. Miss. Aug. 7, 2012) ("To the extent that the EEOC argues that certain affirmative defenses are insufficient because they are not valid legal defenses or are inapplicable to this action, the Court finds the Motion to be premature. When the EEOC filed its Motion, LHC Group had just answered the Amended Complaint and no discovery had taken place. It is too early in the litigation to be certain that any of the challenged affirmative defenses are invalid or inapplicable.").

Significantly, even where the facts are not in dispute (and there are numerous factual disputes here), courts have noted that a "motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law." *Salcer v. Envicon Equities Corp.,* 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, *Salcer v. Envicon Equities Corp.*, 478 U.S. 1015 (1986). This is particularly so where, as here, there has

been no discovery. *Id.* at 939. *See also Green v. City & County of San Francisco Ca.,* No. C 06-6953, 2007 WL 521240, at *2 (N.D. Cal. February 15, 2007) (court refused to strike defense of unclean hands at early stage of the proceedings). As our Court of Appeals has explained:

> [E]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits...To do otherwise would be to run the risk of offering an advisory opinion on an abstract and hypothetical set of facts."

*Salcer*, 744 F. 2d at 939.

In light of the disfavored status of *Rule* 12(f) motions as vehicles for determining questions of fact or law before discovery has taken place, it is premature to strike UPS's affirmative defenses because discovery has not even commenced. Indeed, there has been no *Rule* 16 conference.[1]

To the extent the EEOC asserts that there was pre-suit discovery during the charge phase of this case, the EEOC investigation was limited to the time period from 2004 to September 2009. And, the EEOC did not identify any claimants other than Mr. Abdullah and Mr. Farhan (who had actually filed their own charges). Furthermore, nothing that was requested from (or produced by) UPS during the charge phase would have alerted the parties to facts that would support an affirmative defense because the EEOC's investigation did not include any requests for claimant-specific discovery, such as electronic discovery, essential job functions, payroll information, evidence related to claimants' membership in a religion or their purported sincerely-held religious belief or practice, medical or other records related to any alleged emotional distress, any admissions or declarations by claimants, mitigation information, or whether any of

---

[1]    When the EEOC sought leave to file this motion, the Court adjourned the *Rule* 16 initial conference *sine die*. ECF No. 37. An initial conference is now scheduled for October 13, 2016. ECF Notice 9/13/16.

the claimants filed other charges or lawsuits.[2] Without knowing the identity of the claimants, the nature and scope of their allegations, the remedies they are seeking, the dates of their claims, and the contours of their own conduct and statements, there is no way to understand liability or the defenses that apply.

Accordingly, given the absence of claimant-specific discovery of any kind and the fact that discovery in this litigation has not even begun, plaintiff's motion to strike should be denied.

**B. The Motion Should Be Denied Because Plaintiff EEOC Has Not Identified All Individuals In The "Class"**

The EEOC has brought this enforcement action against UPS on behalf of Bilal Abdullah, Muhammad Farhan "**and a class of similarly aggrieved applicants and employees of Defendant who have been adversely affected**". (Complaint at p. 1, emphasis added). The EEOC is acting in a representative capacity to secure victim-specific relief. In these actions, it is not just the EEOC's actions, but the claimants' conduct, that is relevant to UPS's Affirmative Defenses. See *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355 (1977).

In *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355 (1977), the Supreme Court made clear that equitable defenses can be asserted in enforcement proceedings commenced by the EEOC. The Supreme Court held:

> This Court has said that when a Title VII defendant is in fact prejudiced by a private plaintiff's unexcused conduct of a particular case, the trial court may restrict or even deny backpay relief. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424-425. The same discretionary power "to locate 'a just result' in light of the circumstances peculiar to the case," *ibid.,* can also be exercised when the EEOC is the plaintiff.

*Id.* at 373.

---

[2]     UPS's responses to the EEOC's requests for information identified, for the period 2004-September 2009: (1) applicants who were coded as refusing to comply with UPS's Appearance Guidelines, and (2) employees who requested a religious exemption from the Appearance Guidelines.

Similarly, in *EEOC v. Kelley Drye & Warren, LLP*, 2011 WL 3163443 (S.D.N.Y. July 25, 2011), the Court denied the EEOC's motion to strike the affirmative defenses of waiver, estoppel, laches and unclean hands, concluding:

> The EEOC seeks injunctive relief, compensatory damages, punitive damages, and costs. The monetary component of the remedies sought may depend on claimant's conduct. The potential relevance of claimant's conduct derives not from privity between the EEOC and claimant, but from traditional equitable considerations that prevent double recovery. The potential relevance of claimant's actions to the victim-specific relief the EEOC seeks is clear.

*See also EEOC v. LHC Group Inc.*, 2012 WL 3242168 (S.D. Miss. Aug. 7, 2012) (denying EEOC's motion to strike defendant's affirmative defenses including he doctrine of laches, waiver, and estoppel).

Based upon *Occidental* and more recent authority establishing that the EEOC acts in a representative capacity on behalf of individuals, the Court must look at the circumstances "peculiar to" the case when considering a motion to strike affirmative defenses. *Occidental*, 432 U.S. 355, 373 (1977). Since the EEOC purports to seek monetary and injunctive relief on behalf of Abdullah, Farhan and other class claimants, the Court can only "locate a just result" by taking into account the claimants' actions and inactions in evaluating liability, defenses, damages, and if necessary fashioning an individual remedy.

Here, the EEOC has yet to identify *any* individuals in the referenced "class", other than Abdullah and Farhan. As to Abdullah, Farhan and the potential class, we do not know, for instance, what religion they practice, whether they have a sincerely-held religious belief that actually conflicts with the UPS Appearance Guidelines, what actions were taken (or not taken) by the claimants, what statements were made by the claimants, whether their claims all fall within the statute of limitations period, or if they have said or done anything that would justify

application of any of the defenses. As a result, it is impossible to know the full effectiveness of UPS's Affirmative Defenses at this very early, pre-discovery stage of the litigation. Indeed, it is impossible to even predict which defenses would apply to a subsequently identified claimant. Some affirmative defenses may apply to one claimant or group of claimants, while other affirmative defenses may apply to another claimant or group of claimants. As a result, plaintiff's motion asks this Court to make a speculative decision on a completely unknown set of facts.

Unless and until claimant-specific discovery is completed, UPS's Affirmative Defenses cannot be stricken. Accordingly, plaintiff's motion to strike UPS's Affirmative Defenses should be denied.

## IV. THE EEOC'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF CANNOT MEET THE DEMANDING STANDARDS NECESSARY TO WARRANT THE DRASTIC REMEDY OF STRIKING AFFIRMATIVE DEFENSES

The fact that claimant-specific conduct may form the basis for application of the Affirmative Defenses and that no such discovery has been obtained prohibits the granting of plaintiff's motion at this time. Additionally, the EEOC neither demonstrates any prejudice, nor has it shown to a certainty that there are no issues of fact or law which need to be resolved.

### A. There is No Reasonable Claim of Prejudice to the EEOC Regarding the Inclusion of Any Affirmative Defense at Issue

There is no reasonable claim of prejudice to the EEOC regarding the Affirmative Defenses at issue. The absence of such prejudice is fatal to a motion to strike. *Loubier v. Allstate Ins. Co.*, 2010 WL 1279082, at *7 (D.Conn. Mar. 30, 2010) ("Having failed to argue or show that prejudice would result from inclusion of the paragraphs it seeks to strike, Allstate's motion will be denied); *County Vanlines Inc.*, 205 F.R.D. at 153; *Gregor*, 1995 WL 931093, at *5; *Figueroa v. RSquared NY, Inc.*, 2015 WL 3936256, at *2–3 (E.D.N.Y. June 26, 2015) ("mere assertions by the moving party that he is prejudiced are insufficient.").

10

Here, the EEOC has offered nothing more than a conclusory statement of prejudice, and it has only made that statement as to some of the Affirmative Defenses. The EEOC has not <u>alleged</u> any prejudice related to the fourth (failure to conciliate), fifth (waiver and estoppel), twelfth (statute of limitations), or fifteenth (failure to exhaust administrative procedures) defenses. Pl. Brief at 7-12, 28-21. Accordingly, its motion related to these defenses must be denied as a matter of law for failure to meet the requirements for a motion to strike. As to the sixth (unclean hands and laches), twenty-second (precluding claims outside the scope of the charges)[3] and twenty-third (failure to make a prompt determination) defenses, the EEOC contends solely that inclusion of those defenses would cause burdensome discovery and increased discovery costs. Pl. Brief at 14, 17, 22, 23.

The EEOC's unfounded suggestion that it will be burdened by discovery unless the Affirmative Defenses are stricken is offered without explanation and is, at best, premature. See, e.g., *B.W.P. Distribs., Inc. v. OE Plus, Ltd.,* 2009 WL 1154102, at *11 (S.D.N.Y. Mar. 31, 2009) (denied motion to strike "given the preliminary stage of the proceedings and the general nature of the allegations"); *Setzler v. City & County of San Francisco*, 2008 WL 2264481, at *8 (N.D. Cal. June 2, 2008) ("[T]he Court believes the better approach is to make determinations about the scope of discovery as particular issues arise"); *Mutual Pharm. Co. v. Watson Pharm., Inc*., 2010 WL 446132, at *9 (D.N.J. Feb. 8, 2010). In addition, courts have found that inclusion of these defenses do not unnecessarily burden or increase discovery. See, e.g., *EEOC v. Unit*

---

[3]     With respect to the twenty-second affirmative defense which seeks to bar any claims that are not within the scope of the underlying charges, the EEOC also asserts that this defense "shifts the focus" of the litigation to whether claims fall within the scope of the charges. That is not a shift in the focus of the litigation, it is one of the areas that is legitimately within the scope of the litigation because the EEOC cannot litigate claims that it failed to investigate, issue a determination on, or conciliate. *EEOC v. Unit Drilling Co.*, 2014 WL 2211011, at *2 (N.D. Okla. May 28, 2014). These are fact-sensitive inquiries that cannot be foreclosed at this stage of the litigation by striking UPS's affirmative defense.

11

*Drilling Co.*, 2014 WL 2211011, at *2 (N.D. Okla. May 28, 2014) (denied EEOC's motion to strike as to administrative prerequisites, pre-suit notice, and conciliation, in part, because striking the affirmative defenses would not materially alter or limit the parties' discovery).

The inclusion of these Affirmative Defenses do not significantly impact the time or magnitude of the anticipated discovery process in this litigation.  The majority of the discovery pertaining to these defenses relates to when the charges were filed, what claims were at issue, how they were processed (including EEOC case logs and call records), the scope and findings of the investigation, the claimants' conduct, and the timing of the events at issue in the charges.  All of these issues are fairly explored in discovery in this case, whether or not these affirmative defenses are included.  As a result, the EEOC cannot meet its burden of proving that it will be prejudiced by the inclusion of the defenses.   Rather, the EEOC simply seeks to avoid any investigation into its own handling of the charges and whether UPS was given the procedural protections to which it is entitled by law.

## B.   Fifth and Sixth Affirmative Defenses

The EEOC seeks to strike the equitable defenses (waiver, estoppel, laches, and unclean hands) asserted in UPS's fifth and sixth defenses, contending that equitable defenses cannot be asserted against it when it acts in the public interest, and that the facts supporting the defenses are deficient.  As discussed above, the pleading standards for an affirmative defense require only that UPS provide *notice*. There is "no requirement under Rule 8(c) that [UPS] plead any facts at all."  *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 132–33 (E.D.N.Y. 2015). The facts supporting these defenses simply have not yet been developed because there has been no discovery whatsoever, including claimant-specific discovery. As a result, we cannot yet predict whether these defenses are applicable to the EEOC or any of the claimants. As a result, plaintiff's motion to strike should be denied.

12

i. <u>The EEOC is not immune from equitable affirmative defenses.</u>

In its motion, the EEOC repeatedly takes the general position that equitable defenses do not apply to "government actors". Plf. Brief at pp. 10, 11, 13, 14, and 15. However, neither the EEOC, nor any government agency for that matter, enjoys absolute immunity from the equitable defenses of laches, estoppel, waiver, and unclean hands. Many courts have denied virtually identical motions to strike brought by government agencies, including the EEOC. *Packetport.com*, 2006 WL 2798804, at *2-3 (denying motion to strike waiver defense on grounds that plaintiff had not demonstrated that defense was precluded as a matter of law); *County Vanlines Inc.*, 205 F.R.D. at 153 ("Even if it is unlikely that defendant could prove a sufficient set of facts to prevail on its defense, when the possibility of a meritorious defense exists, the Court must deny... the motion to strike the affirmative defense"); *United States v. Walerko Tool & Eng'g Corp.*, 784 F. Supp. 1385, 1388-89 (N.D. Ind. 1992) (refusing to strike affirmative defenses of estoppel and waiver in government action where "[a]nalysis of applicable precedent shows that while [defendant's] asserted defenses seldom are applicable against the government, the defenses are not foreclosed as a matter of law"); *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995) (denying SEC's motion to strike estoppel and waiver defenses), *aff'd sub nom., SEC v. First Pac. Bancorp.*, 142 F.3d 1186 (9th Cir. 1998); *Martin v. Nationsbank of Georgia, N.A.*, 1993 WL 345606, at *6-7 (N.D. Ga. Apr. 6, 1993) (defenses of estoppel, unclean hands, and laches were not stricken because "the possibility remains for defendants to employ these [defenses] against the government under certain circumstances").

Moreover, any conflict in the state of the law with respect to the claimed immunity requires a court to deny a motion to strike under *Rule* 12(f). See, e.g., *Salcer*, 744 F.2d at 939 (motions to strike do not present vehicles to decide issues of law that are not settled and over

13

which courts have disagreed); *Gregor*, 1995 WL 931093, at \*4 ("[b]ecause of the uncertainty of the authority, the viability of laches and estoppel/waiver defenses in this context is an open and disputed question of law that the Court declines to decide on this motion [to strike]").

There is even more reason to allow the defenses in this case where the public interest allegedly served by the EEOC is elusive, at best, and the EEOC is acting to secure victim-specific relief for individuals. As set forth above, motions to strike a defendant's affirmative defenses in these kinds of enforcement actions require the Court to review circumstances "peculiar to" the case. *Occidental*, 432 U.S. 355, 373 (1977). As a result, claimant-specific discovery must be completed before any affirmative defenses can be ruled out.

ii.  Waiver and Estoppel (Fifth Affirmative Defense)

The equitable defense of waiver requires an "intentional relinquishment or abandonment of a known right." *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999), cert. denied, 530 U.S. 1244 (2000); *see also Lauder v. First UNUM Life Ins. Co*., 284 F.3d 375, 381-82 (2d Cir. 2002) (applying waiver in the ERISA context).  The doctrine of estoppel applies when "the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct." *Kosakow v. New Rochelle Radiology Assoc., P.C.,* 274 F.3d 706, 725 (2d Cir. 2001) (cited in *Packetport.com*, 2006 WL 2798804, at \*4).

The EEOC has cited no case supporting the proposition that, when it acts in representative capacity on behalf of an individual, the individual's recovery cannot be limited based on waiver or estoppel. Instead, it simply argues that (a) the EEOC is immune from waiver and estoppel defenses, and (b) UPS failed to plead facts to support this defense.  As discussed above, both contentions are false.

14

UPS is fully within its right to bring these defenses against plaintiff.  See *State of New York v. United Parcel Service, Inc.*, 160 F. Supp. 3d 629, 641 (S.D.N.Y. 2016) ("None of these cases stand for the sweeping proposition that there is no set of facts pursuant to which an equitable defense might be asserted against a governmental entity. There are certainly cases this Court has found in which estoppel and other equitable defenses may, in fact, be asserted against governmental entities."); *Inv'rs Research Corp. v. Sec. & Ech. Comm'n*, 628 F.2d 168, 174 n. 24 (D.C. Cir. 1980) ("The fundamental principle of equitable estoppel applies to government agencies, as well as private parties."). For instance, we may learn in discovery that a potential claimant signed a full and complete release waiving all of his claims against UPS. Or, a potential claimant may have made sworn statements in a separate proceeding or to another agency (or to the EEOC), which estop him or her from asserting the claims in this action. These kinds of issues will have to be developed during discovery and warrant against any dismissal of these affirmative defenses at this stage.

Moreover, there is no requirement that UPS supplement its affirmative defenses with facts.  Indeed, *Rule* 8(c) only requires fair notice to the EEOC.

Accordingly, plaintiff's motion to strike the defenses of waiver and estoppel should be denied.

### iii.  Unclean Hands and Laches (Sixth Affirmative Defense)

A similar conclusion applies to the equitable defenses of unclean hands and laches.  "The 'unclean hands' doctrine closes the door of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *ABE Freight Sys., Inc. v. NLRB*, 510 U.S. 317, 329-330 (1994).  The doctrine of unclean hands may be asserted against the EEOC or government agencies. *EEOC v.*

*Product Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1100 (D. Minn. 2012) ("Plaintiff concedes that a claim of unclean hands can be a basis for a defense against the EEOC . . . ."). Moreover, a potential claimant's bad faith may rise to the level warranting application of the clean hands doctrine. As a result, discovery is needed before plaintiff's motion can be considered.

Likewise, there is no *per se* rule that government actors are not subject to the defense of laches. *Cayuga Indian Nation v. Pataki*, 413 F.3d 266, 278 (2d. Cir. 2005); *see e.g., Clearfield Trust Co. v. United States*, 318 U.S. 363, 369 (1943). As Judge Posner has aptly noted, "the availability of laches in at least some government suits is supported by Supreme Court decisions, notably *Occidental Life Ins. v. EEOC*, 432 U.S. 355, 373 (1977) . . . that refuse to shut the door completely to the invocation of laches or estoppel . . . in government suits". *Cayuga*, 413 F.3d at 278. Indeed, the Honorable Margo Brodie found, in this action, that laches can apply to the EEOC. See Fox-Solomon Decl., Ex. 2 at p. 67-8.

The EEOC's argument that Judge Brodie has "already considered and rejected the affirmative defense of laches" is misleading.  While plaintiff is correct that this Court denied UPS's motion to dismiss on the issue of laches, the Court did so under the motion to dismiss standard. This is a strict standard which does not consider materials outside of the pleadings and liberally construes the facts in plaintiff's favor. While the motion to dismiss was not granted, the Court did not foreclose discovery on this defense. As a result, the EEOC's pre-suit conduct may still be the subject of a laches motion once discovery is completed. In addition, the EEOC's conduct vis-à-vis any particular claimant may be an issue warranting application of the laches doctrine. And, of course, any potential claimant may have engaged in conduct justifying application of the laches doctrine to him or her. In short, the Court's denial of UPS's motion to

dismiss on this defense does not bar UPS from obtaining discovery and later relying on this defense as to the EEOC or any claimant.

Accordingly, plaintiff's motion to strike the affirmative defenses of unclean hands and laches should be denied.

C.    **Fourth, Fifteenth, Twenty-Second and Twenty-Third Affirmative Defenses**

UPS's fourth, fifteenth, twenty-second and twenty-third defenses involve the EEOC's pre-litigation requirements, including its failure to conciliate, failure to exhaust administrative remedies and failure to make a prompt determination. The twenty-second defense gives UPS the ability to move to dismiss any potential claims raised by the EEOC in this litigation if they were not within the scope of the underlying charge. This defense essentially encompasses the others in this section. Stated differently, the other defenses related to the EEOC's failure to engage in pre-litigation requirements are, more or less, a subset of this defense. These defenses would, for instance, allow UPS to move to dismiss a potential claimant who had claims other than religious discrimination based on the UPS Appearance Guidelines, such as failure to accommodate his or her religious need for a shift change.

These defenses are particularly important because the EEOC engaged in conduct prior to this lawsuit that repeatedly thwarted its obligations and evidenced bad faith.  The EEOC's bad faith effort and extensive, unnecessary delays severely prejudiced UPS.  In *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657, 673-74 (8th Cir. 2012), the Eighth Circuit affirmed the District Court's dismissal of sixty-seven claimants named by the EEOC during the litigation because: "(1) the EEOC did not investigate the specific allegations of those claimants until after the Complaint was filed, (2) it did not identify those sixty-seven claimants as members of its "class" until after the Complaint was filed, (3) it did not make a reasonable-cause determination as to the

17

specific allegations of those claimants until after the Complaint was filed, and (4) the EEOC did not attempt to conciliate the claimants' allegations prior to filing the Complaint." The EEOC may do the same thing in this case and UPS needs these defenses to protect its rights. UPS must be permitted to engage in reasonable discovery on these issues, particularly as they relate to claimants subsequently named by the EEOC.

While plaintiff is correct that *Mach Mining* narrows judicial review of the EEOC's duty to conciliate, *Mach Mining* involved only the EEOC's conciliation duty, not its other pre-suit obligations. Moreover, *Mach Mining* does not prevent UPS from asserting a failure to conciliate where the EEOC wholly failed to exercise its duty to conciliate.  UPS has not yet made any motion for failure to conciliate. Nor can it be foreclosed from making such a motion if, in fact, the EEOC failed to conciliate. See *EEOC v. Unit Drilling Co.*, 2014 WL 2211011, at *2 (N.D. Okla. May 28, 2014) (failure to conciliate is one of those defenses that relate to the Court's subject matter jurisdiction, which may be challenged at any point in the proceeding), citing, *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir.1988).

Since we don't yet know what claimants will be identified, we have yet to determine if their claims are within the scope of the underlying charge or whether the EEOC actually engaged in any investigation, determination or conciliation. We know the EEOC did not investigate, issue a determination or conciliate as to any claimant whose claims arose after September 2009. And, since the EEOC is going to ask this Court to allow it to include claimants after that date, as well as claimants about whom UPS had no knowledge of any religious accommodation request, these affirmative defenses must remain viable.

The EEOC "law of the case" argument related to this Court's prior ruling on UPS's motion to dismiss regarding plaintiff's failure to make prompt determinations is also misplaced.

18

While the Court stated that there is no requirement that the EEOC "complete its investigation within a particular period of time", this does not mean that the EEOC has unlimited time to conduct an investigation and, more importantly, unlimited time to make its determination.

UPS must be permitted to assert and rely upon each affirmative defense in order to defend itself adequately under the law. At the very least, there are factual and legal disputes at issue with respect to these defenses which cannot be resolved through plaintiff's motion and which require discovery.

### D.   Twelfth Affirmative Defense

Plaintiff argues that UPS cannot assert its twelfth defense, a statute of limitations defense, against the EEOC.  However, there is no bright line rule that statutes of limitations do not apply to the EEOC. Many courts "have recognized that claims brought by the EEOC must follow the 300 day" statute of limitations.  *EEOC v. U.S. Steel Corp.*, 2012 WL 3017869, at *5 (W.D. Pa. July 23, 2012) ("Nothing in the text of Section 706 or 707 suggests that the EEOC can recover for individuals whose claims are otherwise time-barred."), quoting *EEOC v. Freeman,* 2010 WL 1728847 (D.Md. Apr.27, 2010); see also *Equal Employment Opportunity Comm'n v. CRST Van Expedited, Inc.*, 615 F. Supp. 2d 867, 878 (N.D. Iowa 2009) ("After surveying these district court cases, the court finds the better reasoned authority holds that Title VII generally does not grant the EEOC the power to resurrect otherwise stale claims of unlawful employment discrimination. The plain language of § 2000e–5 contemplates that the "charge shall be filed by *or on behalf of the person aggrieved* within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1). *Section 2000e–5* makes no exception for the EEOC, even though it clearly contemplates EEOC enforcement actions."); *EEOC v. Carolls Corp.*, 2011 WL 817516, at *4 (N.D.N.Y. Mar. 2, 2011) ("[W]hen the EEOC brings a suit in its own name under § 706 on behalf of a group of aggrieved persons, Title VII's statute of limitations, 42 U.S.C. §

2000e–5(e)(1) applies.").   Indeed, this Court stated the EEOC "can go back to 300 days. Nothing about what the Supreme Court says in Occidental or of any other cases, to me, suggests that there is a legitimate reason for why [the EEOC] should be able to reach back even further than that." See Fox-Solomon Decl., Ex. 2 at p. 44-45.

Moreover, the EEOC's idea that a statute of limitation period is inappropriate where the government is pursuing a public right does not apply when the government is actually functioning merely as a conduit for enforcement of private rights, which it is doing here. *S.E.C. v. Lorin*, 869 F. Supp. 1117, 1127 (1994) (citing *Marshall v. Intermountain Elec. Co.*, 614 F.2d 260 n. 3 (10th Cir. 1980)); *Dole v. Local 427, Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO*, 894 F.2d 607, 620 (3d Cir. 1990); *United States v. Rhode Island Dep't of Corr.*, 81 F. Supp. 3d 182, 190 (D.R.I. 2015).

Section 706 requires a charge to be filed within 300 days after the allegedly unlawful employment practice occurred. "No exception exists in the statute allowing the EEOC to recover damages for individuals whose claims are otherwise time-barred." *EEOC v. Kaplan Higher Educ. Corp.*, 790 F. Supp. 2d 619, 623 (N.D. Ohio 2011)*; EEOC v. United States Steel Corp.*, 2012 WL 3017869, at *5 (W.D. Pa. July 23, 2012) (finding that other courts have recognized that claims brought by the EEOC must follow the 300 day procedural requirement); *EEOC v. Dillard's Inc.*, 2011 WL 2784516, at *9 (S.D. Cal. July 14, 2011) ("Nothing in Title VII indicates that Congress intended to allow the EEOC to revive otherwise stale individual claims.").

The continuation of this defense is also supported by this Court's ruling on UPS's recent motion to dismiss.  This Court found UPS's statute of limitations argument to be meritorious and applied it to the claims at issue. See Fox-Solomon Decl., Ex. 2 at p. 71.  Here, since we do not

yet know who will be identified as claimants in this litigation, UPS clearly requires the statute of limitations defense to remain available to it in the event any of the claimant's allegations pre-date the 300-day charge filing period. Plainly, this defense should not be stricken.

## CONCLUSION

For the foregoing reasons, UPS respectfully submits that this Court deny plaintiff's motion to strike as set forth above.

GREENBERG TRAURIG, LLP
Attorneys for Defendant
United Parcel Service, Inc.,

By: *s/Wendy Johnson Lario*
     WENDY JOHNSON LARIO
     A Member of the Firm

Dated:  October 7, 2016.