UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                    Plaintiff,

        v.

UNITED PARCEL SERVICE, INC.,

                  Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
15-CV-4141 (MKB) (CLP)

MARGO K. BRODIE, United States District Judge:

       Plaintiff Equal Employment Opportunity Commission (the "EEOC") commenced the

above-captioned action on July 15, 2015 against Defendant United Parcel Service, Inc. ("UPS"),

alleging that UPS maintains an "appearance policy" that discriminates against applicants and

employees on the basis of their religion in violation of Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000(e) *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981

("Title I").[1]  (Compl., Docket Entry No. 1.)  On June 9, 2017, Defendant filed an omnibus

motion seeking an order (1) imposing a deadline by which Plaintiff must identify new claimants

it wishes to represent in this action, as well as an "injury cutoff date" for purposes of limiting the

class of claimants; (2) adopting Defendant's proposed confidentiality order which limits

Plaintiff's use of discovery obtained in this action; and (3) entering judgment on the pleadings

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure as to the claims of Claimants Ibn

---

[1] On January 11, 2016, Defendant moved to dismiss the Complaint, (Def. Mot. to
Dismiss, Docket Entry No. 26; Def. Mem. in Supp. of Def. Mot., Docket Entry No. 27), which
motion the Court granted in part and denied in part on July 19, 2016, (*see* Min. Order dated July
19, 2016).

A. Hakim, Mervyn Hamlet, Syed Shah and Dontae Gibson. (Def. Omnibus Mot., Docket Entry No. 64.) The Court referred Defendant's motion for judgement on the pleadings to Magistrate Judge Cheryl L. Pollak for a report and recommendation. (Order dated Aug. 25, 2017.)

By report and recommendation dated March 5, 2018 (the "R&R"), Judge Pollak recommended that the Court deny Defendant's motion for judgement on the pleadings. (R&R 17–30, Docket Entry No. 78.) Judge Pollak also denied Defendant's motion as to its request to impose a discovery deadline and limit the class of claimants, (*id.* at 4–8), and granted in part and denied in part Defendant's request to limit the use of discovery pursuant to a proposed confidentiality order,[2] (*id.* at 9–16). No party objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file

---

[2] Judge Pollak's rulings as to Defendant's discovery-related requests constitute Orders of the Magistrate Judge because they involve non-dispositive pre-trial matters over which Judge Pollak has authority. (*See* R&R 1–2 n.1, Docket Entry No. 78.)

timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court denies Defendant's motion for judgment on the pleadings as to Claimants Ibn A. Hakim, Mervyn Hamlet, Syed Shah and Dontae Gibson.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: March 20, 2018
        Brooklyn, New York